L. V. ELLIOTT, Appellant,

v.

Burl BOWDEN, Receiver for the First State Bank of Aransas Pass, Texas (In Liquidation), Appellee.

No. 1228.

Court of Civil Appeals of Texas, Corpus Christi.

March 31, 1978.

Rehearing Denied April 27, 1978.

Terrence W. McDonald, Nicholas & Barrera, Inc., San Antonio, for appellant.

Shelby A. Jordan, Wood, Burney, Nesbitt & Ryan, Ben A. Donnell, Meredith & Donnell, Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal from a suit on several notes. Burl Bowden, receiver for the First State Bank, Aransas Pass, Texas, appellee, brought suit on six notes against L. V. Elliott, appellant. Elliott answered by general denial and asserted, among other things, affirmative defenses of statute of limitations and estoppel. Elliott also interpled the Federal Deposit Insurance Corporation (F.D.I.C.) as a third party defendant. The case was tried to the court without a jury and the court held in favor of Bowden, thereby denying Elliott's affirmative defenses. Elliott brings this appeal asserting that the court erred in overruling his limita-

tions and estoppel defenses. We sustain Elliott's contention as to the limitations defense.

On February 5, 1969, Elliott borrowed $2,000 from the First State Bank of Aransas Pass, Texas and executed a note therefor which was to be due on February 5, 1970. Thereafter, Elliott executed a series of five additional notes, the first one dated March 29, 1969, and the last July 2, 1969. Each of the five notes was to be due 180 days from the date of borrowing.

On September 2, 1969, the Bank was closed by the State Banking Commissioner and the Bank was placed in the hands of the F.D.I.C. for liquidation. The F.D.I.C. as receiver then transferred the assets of the Bank to the F.D.I.C. in its corporate capacity for purposes of liquidation. Also, in September of 1969, the first of the aforementioned six notes fell due, and by February 5, 1970 all had fallen due. Elliott defaulted on all six notes.

On July 6, 1970, Elliott went to the law office of Ben A. Donnell, attorney for James Duval, liquidator for the F.D.I.C. There Elliott signed a letter, prepared by Donnell, which assigned to the F.D.I.C. Elliott's right to the repayment of $35,000 owed to him by Louis L. Seiffert, Jr., Trustee (said obligation having been assumed by Hugh Jackson, Trustee), City on the Bay, Inc. and Bayway Associates. Elliott further signed a letter assigning to the F.D.I.C. his interest in the proceeds of the sale of two parcels of land. Finally, Elliott signed a subordinate assignment to his attorney, Anthony Nicholas, who was not present at this meeting. The assignment stated that Nicholas would receive any proceeds due on the loans to Seiffert, et al., over and above the $35,000 assigned to the F.D.I.C. The evidence is conflicting as to whether the F.D.I.C. made any representations to Elliott in return for these assignments.

On July 8, 1970, Duval personally presented the assignment letters to Jackson, who acknowledged their receipt. Though Jackson never specifically stated that he would pay over any funds to the F.D.I.C., Duval contacted Jackson from time to time to see if any funds were available from Jackson's liquidation of City on the Bay, Inc. and Louis Seiffert, Jr. to pay to the F.D.I.C. pursuant to Elliott's assignment to them. Jackson never paid F.D.I.C. anything on the assigned indebtedness, nor did F.D.I.C. take any legal action to require Jackson to make any payment.

On April 5, 1972, the F.D.I.C. filed suit against Elliott in Federal Court to collect on the series of six notes heretofore mentioned. Though not appearing in the statement of facts, appellant's brief states that on February 5, 1974, the federal action was dismissed for want of jurisdiction. Under Rule 419, T.R.C.P., we accept appellant's statement as correct.

The case before us was filed on February 12, 1974, which date was more than four years after all the dates of default on all six notes previously mentioned. After judgment was rendered for plaintiff, the trial court filed findings of fact and conclusions of law at the request of Elliott. Elliott then requested additional findings and conclusions but his request was denied.

■ Appellant's first three points of error allege that the trial court erred in failing to sustain his affirmative defense of statute of limitations since there is no evidence or insufficient evidence to prove that Bowden, appellee, comes within a savings exception to the limitations statute.

This is a suit on indebtedness and, thus, the limitations period is four years after the action accrues. Tex.Rev.Civ.Stat.Ann. art. 5527 § 1 (1958). Elliott submits that this statute bars this suit. Bowden agrees in his brief that limitations applies, but maintains that he comes within an exception to the limitations statute, i. e., Tex.Rev.Civ.Stat. Ann. art. 5539a (1958) which provides:

"When an action shall be dismissed in any way, or a judgment therein shall be set aside or annulled in a direct proceeding, because of a want of jurisdiction of the Trial Court in which such action shall have been filed, and within sixty (60) days after such dismissal or other disposi-

tion becomes final, such action shall be commenced in a Court of Proper Jurisdiction, the period between the date of first filing and that of commencement in the second Court shall not be counted as a part of the period of limitation unless the opposite party shall in abatement show the first filing to have been in intentional disregard of jurisdiction."

At the outset it would appear that Bowden does not qualify under this statute in that he is relying on F.D.I.C.'s suit, dismissed for lack of jurisdiction, in order to come within the requirements of Article 5539a. Both parties are in accord, however, and this Court agrees, that if the party bringing the second filed suit pursuant to Article 5539a is in privity with or received its interest by assignment from the party bringing the first filed suit, which was dismissed for lack of jurisdiction, then the second party complies with the requirements of Article 5539a. *Leach v. Michigan Realty Co.*, 97 S.W.2d 331 (Tex.Civ.App.— Fort Worth 1936, writ ref'd); *Baker v. Gulf, C. & S. F. Ry. Co.*, 184 S.W. 257 (Tex.Civ.App.—Austin 1916, no writ).

Bowden had the burden of proving the facts necessary to come within this exception. *Watson v. General Motors Corporation*, 479 S.W.2d 104 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ). See also *Oram v. General American Oil Company of Texas*, 503 S.W.2d 607 (Tex.Civ.App.—Eastland 1973), writ ref'd n. r. e., 513 S.W.2d 533 (Tex.Sup.1974).

■ In that regard, Bowden, in order to discharge his burden to prove his privity with the F.D.I.C., offered a purported stipulation in open court:

"MR. JORDAN: [for Bowden, appellee] Okay. During the recess, Your Honor, Mr. McDonald and I discussed a moment ago that we are able to stipulate as to proof and evidence of the promissory notes up through possession by my client. And I assume that that's what Mr. McDonald is saying, that we can stipulate that there is no contest to the amount due, the basis for the liability on the notes. Is that correct?

THE COURT: And who is the present holder? Are you stipulating on that?

MR. JORDAN: The Plaintiff in this case. The present holder being Burl Bowden, Receiver for the First State Bank of Aransas Pass, in liquidation. And that the notes are due in the amounts as stated in the pleadings. That interest is due as stated in the notes and as stated in the pleadings. Stop me if I go too far. And that we have proved our connection between the Federal Deposit Insurance Corporation and Burl Bowden as the now holder and owner of the notes, and the party entitled to enforce the promissory notes.

THE COURT: Is this correct, Mr. McDonald?

MR. McDONALD: [for appellant] That's correct, subject to our affirmative defenses.

THE COURT: Subject to any defenses that you have pleaded."

At the trial there was no other evidence which showed a relationship between Bowden and the F.D.I.C. We agree with Elliott that the above stipulation does not provide any evidence of privity. In *Fidelity & Casualty Company of New York v. Horton & Horton Custom Works*, 462 S.W.2d 613 (Tex.Civ.App.—Fort Worth 1971, writ ref'd n. r. e.) the court there stated: ". . . the language of a stipulation will not be so construed as to give it effect as an admission of fact obviously intended to be controverted." The above stipulation only shows the parties agreement as to the amount due on the notes. All other proposed material offered by Mr. Jordan was agreed to "subject to [Elliott's] affirmative defenses." Clearly, Elliott did not agree to any facts which prejudiced his affirmative defense of limitations which included the contention that because the two suits were brought by different parties, the tolling provision of Article 5539a did not control. Thus, there being no facts to show privity between Bowden and the F.D.I.C., Elliott's affirmative defense of limitations is sustained.

**828**

Appellee further contends, though, that Elliott cannot bring this appeal because Elliott did not preserve his right to contend that the findings of fact have no support in the evidence in that no objections were made to the findings of fact in the trial court. Bowden cites *Cowling v. Cooligan*, 158 Tex. 458, 312 S.W.2d 943 (1958) as his support.

We do not agree. On the contrary, *Cowling* states:

"[One] may preserve his right to contend on appeal that the findings have no support in the evidence or are contrary to the great weight and preponderance of evidence by including proper points or cross-points of error in his brief in the Court of Civil Appeals."

See also 4 McDonald, Texas Civil Practice § 16.05 (1971). Bowden's contention is overruled.

Elliott's final points (4 and 5) contend that the F.D.I.C.'s failure to collect on the debt assigned to the F.D.I.C. constituted estoppel, and that the trial court's conclusion that estoppel did not bar plaintiff's cause of action was error as being against the great weight and preponderance of the evidence or that estoppel was established as a matter of law.

Elliott requested the court to file findings of fact and conclusions of law, but the trial court's findings contained no findings of fact relevant to the estoppel defense and merely stated in the conclusions of law that "Plaintiff's cause of action is not barred by estoppel." Elliott then requested additional findings of fact and conclusions of law, but none of the requested findings of fact were relevant to the elements necessary to establish estoppel.

Elliott's failure to request additional findings of fact relevant to the estoppel defense effected a waiver thereof. *Micrea, Inc. v. Eureka Life Insurance Company of America*, 534 S.W.2d 348, 357 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n. r. e.); *Home Indemnity Company v. Muncy*, 449 S.W.2d 312, 316 (Tex.Civ.App.—Tyler 1969, n. r. e.); *Crown Life Insurance Company v. Reliable Machine and Supply Co.*, 427 S.W.2d 145,

149 (Tex.Civ.App.—Austin 1968, writ ref'd n. r. e.); *McKenzie v. Carte*, 385 S.W.2d 520, 529 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.); *Pinson v. Dreymala*, 320 S.W.2d 152, 156 (Tex.Civ.App.—Houston 1958, writ dism'd), 4 McDonald, Texas Civil Practice § 16.09 (1971).

The judgment of the trial court is reversed and judgment is here rendered that appellee take nothing.