**PINNACLE HOMES INC., et al., Appellants,**

v.

**R.C.L. OFFSHORE ENGINEERING CO., Appellee.**

**No. C2966.**

Court of Appeals of Texas, Houston (14th Dist.).

May 6, 1982.

Rehearing Denied June 3, 1982.

Don M. Kennedy, Ladin & Engel, Houston, for appellants.

Parx F. Shearer, Hoover, Cox & Shearer, Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

JAMES, Justice.

Appellants, Pinnacle Homes, Inc., Richard B. Todar, and Fredrick E. Ward, appeal from a judgment entered in favor of appellee, R.C.L. Offshore Engineering Company, for principal, interest, and attorney's fees on a promissory note. We affirm.

On or about February 7, 1979, appellee agreed to loan appellants $25,000 to construct five homes for sale in the Atascocita South Subdivision. The transaction was structured on two documents. One was a joint venture agreement providing for the return of the principal amount of the loan within one year from the date of closing the initial loan, a payment of $1,000 per home or $5,000 and 25% of the gross profits of the entire venture. The agreement further provides that appellee's sole duty in the venture is to advance the money and share in the profits. It would have no obligation to pay a pro rata share of any net losses and no ownership interest in the property.

Another document forming the basis of the transaction was the promissory note on which the suit was brought. It provides that the principal amount of $25,000 is due and payable on February 8, 1980, "if the said amount is not returned in full per the attached agreement [the joint venture

agreement] ... dated February 7, 1979." The note further provides that in the event of default, interest shall accrue at the rate of ten percent (10%) per annum from such time.

The homes were never completed by appellants and their interest in the properties was foreclosed. On or about March 17, 1980, appellants paid $5,417 toward the debt. Appellee thereafter brought suit for $22,368.50, the balance owing of principal and interest calculated at the rate of ten percent (10%).

■ Appellants bring forward two points of error. Both concern the affirmative defense of usury which they asserted in their amended original answer. Trial was to a court without a jury. Following the signing of a final judgment in favor of appellee, appellants filed a request for findings of fact and conclusions of law. The court's findings established appellee's cause of action against appellants based upon the note. None of the findings of fact or conclusions of law speak to the issue of whether or not the transaction was usurious. Appellants did not file a request for additional or amended findings of fact and conclusions of law. We find that a waiver of appellants' defense of usury was effected by their failure to make this request. Accordingly, both of appellants' points of error are overruled.

■ Rule 299 of the Texas Rules of Civil Procedure provides in part as follows:

Where findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported upon appeal by a presumption of finding upon any ground of recovery or defense, no element of which has been found by the trial court; ...

This rule is substantially equivalent to the final paragraph of Rule 279 pertaining to special issue submission. 4 R. McDonald, Texas Civil Practice § 16.09 (rev. 1971). That paragraph provides that upon appeal, all independent grounds of recovery or of defense upon which no issue is given or requested shall be deemed as waived. Tex. R.Civ.P. 279. Therefore, a party asserting affirmative defenses in a trial before the court must request findings in support of such a defense in order to avoid waiver on appeal. *McKenzie v. Carte*, 385 S.W.2d 520 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.). Where the trial court files findings which do not establish any element of the grounds of defense, the party relying upon that defense must file a request for additional findings such as to avoid waiver of that defense on appeal. *McKenzie, supra; Elliott v. Bowden*, 564 S.W.2d 825 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

In *McKenzie*, the appellant argued that eviction of the lessee was justified because the lessee was engaging in illegal activities on the premises. The Corpus Christi Court of Appeals stated: "The trial court did not make any findings concerning any illegal operation or any other findings whatsoever that would lend support to appellants' theory of defense.... The failure of appellants to request additional findings of fact effects a waiver of the ground of defense, no element of which has been found." 385 S.W.2d at 529.

In *Elliott v. Bowden, supra*, the receiver for a bank brought suit on six notes executed by the appellant. The appellant asserted estoppel as an affirmative defense. The trial court filed findings of fact and conclusions of law but no findings of fact relevant to the elements necessary to establish estoppel were filed. The court found that the failure by the appellant to request additional findings of fact of that defense effected a waiver thereof.

■ An express finding of fact cannot extend by implication to cover independent grounds of defense. *F.R. Hernandez Construction & Supply Company, Inc. v. National Bank of Commerce of Brownsville*, 578 S.W.2d 675 (Tex.1979); *Duncan v. Willis*, 157 Tex. 316, 302 S.W.2d 627 (1957). In *Hernandez*, the issue before the trial court was the reasonableness of a contractual attorney's fee under a promissory note for the

principal amount of $105,914.74. The maker of the note was asserting that an attorney's fee of fifteen percent (15%) of that amount was unreasonable. The trial court made a finding that $10,000 was a reasonable fee. The Court of Appeals, citing the above rule, held: "Once the trial court made this specific finding that a certain attorney fee was reasonable, it was their [appellants'] duty to request a further finding concerning their affirmative defense upon which they now rely, i.e., that the stipulated amount in the note was unreasonable." *National Bank of Commerce of Brownsville v. F.R. Hernandez Construction and Supply Company, Inc.,* 564 S.W.2d 499, 502 (Tex.Civ.App.—Corpus Christi 1978), *rev'd,* 578 S.W.2d 675 (Tex.1979). The Texas Supreme Court reversed the Court of Appeals on the ground that the above cited rule was not applicable in that cause because "[r]easonableness and unreasonableness of attorney's fees are not further independent issuable facts." 578 S.W.2d at 679. The Court continued: "In this context, the issue of reasonableness and unreasonableness is so intertwined that a specific finding of a reasonable attorney fee does not then. require the obligor of the note to request a specific finding that the contractual fee is unreasonable. See, 4 R. McDonald, Texas Civil Practice § 16.09 (rev. 1971)." 578 S.W.2d at 679.

In the instant case, the issues about which the trial court made findings concerning the elements of a suit on a promissory note are not intertwined with the issue of usury. Therefore, appellants were required to request a specific finding that the transaction was usurious. Further, they were required to perfect a bill of exceptions showing the failure or refusal of the court to comply with the request to properly preserve the point for appellate review, *Black v. Bassett,* 619 S.W.2d 193 (Tex.Civ.App.—Texarkana 1981, no writ); *Mosolowski v. Mosolowski,* 562 S.W.2d 24 (Tex.Civ.App.—Tyler 1978, no writ); *Zaruba v. Zaruba,* 498 S.W.2d 695 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd); *Steppe v. O'Day,* 315 S.W.2d 599 (Tex.Civ.App.—Waco 1958, writ ref'd n.r.e.).

Because appellants waived their defense of usury, they present nothing for review in this court. The judgment of the trial court is affirmed.