**Robert W. TRAWEEK, Appellant,**

v.

**Betsy LARKIN, Appellee.**

**No. 12–85–0055–CV.**

Court of Appeals of Texas, Tyler.

April 30, 1986.

Rehearing Denied May 29, 1986.

Samuel L. Boyd, Dallas, for appellant.

Hubert D. Johnson, Johnson & Cravens, Dallas, for appellee.

BILL BASS, Justice.

Robert Traweek, plaintiff/appellant, appeals from a take-nothing judgment entered in favor of Betsy Larkin, defendant/appellee, in a negligence suit that was tried without a jury. Traweek sued Betsy Larkin, the former wife of T.W. Larkin, to recover damages that he sustained in 1978 as a result of being shot by T.W. Larkin. Traweek, acting through a next friend, recovered a $350,000 judgment against T.W. Larkin in 1980 based on negligence, but Betsy Larkin, who was then married to T.W. Larkin, was not made a defendant in the prior suit.[1] Apparently that judgment remains unsatisfied. Traweek was thirteen

---

1. *See Gessell v. Traweek,* 628 S.W.2d 479 (Tex. App.—Texarkana 1982, writ ref'd n.r.e.).

at the time of his injury. Upon attaining his majority he instituted the present suit, contending that Betsy Larkin was jointly and severally liable for the $350,000 judgment, even though she was not a defendant in the prior suit under the principles of collateral estoppel, agency, joint enterprise and civil conspiracy. Following a nonjury trial, the court entered judgment that Traweek take nothing against Betsy Larkin. The court also entered findings of fact and conclusions of law. Traweek contends in his first three points that the issues determined in the prior suit against T.W. Larkin are binding upon Betsy Larkin in the present suit through the application of collateral estoppel. In points four through twenty, he claims that the evidence was insufficient to support the findings of fact. He argues in point twenty-one that the court erred when it entered the findings and conclusions without giving him a copy of the findings and conclusions or notifying him that they had been entered so that he could timely request additional or amended findings under Rule 298. Tex.R.Civ.P. 298. We affirm.

On the night of January 6, 1978, between 9:00 p.m. and 9:30, Betsy Larkin told her husband she had heard a noise at the front door like "metal rubbing on metal." She thought someone was trying to break into the house. Mr. Larkin got his shotgun, loaded it with birdshot, and went outside to investigate. Once outside he heard explosions in the backyard which he thought were pistol shots although they were later determined to be firecrackers. A pickup came out of the alley backing toward him very fast. Mr. Larkin shouted for the truck to stop. When it didn't, he fired at the back of the truck "to mark the truck so we could sure enough find it." Immediately after hearing the detonations in the back yard, and apparently just before shooting at the fleeing pickup, Mr. Larkin shouted for his wife to call the police. When the police arrived forty-five minutes later, Mr. and Mrs. Larkin learned that Traweek had been hit by a pellet. The circumstances surrounding the incident were developed in greater detail in Traweek's former suit against Mr. Traweek and are set forth in the *Traweek* opinion, 628 S.W.2d at 480–81. At Traweek's request, the court took judicial notice in the present suit of his prior suit against T.W. Larkin. However, the transcript and statement of facts from the prior suit do not appear in the appellate record of Traweek's suit against Betsy Larkin nor did Traweek introduce into evidence the judgment, pleadings or the record from the prior suit.

The court found that: (a) because Betsy Larkin was not a party to the prior suit she was bound by the judgment against T.W. Larkin only to the extent that she held community property that had been divided between her and T.W. Larkin in their 1981 divorce; (b) there was no evidence that Betsy had received any community property from the divorce; (c) she did not breach any duty of reasonable care; (d) she did not recklessly allow, acquiese, or encourage T.W. Larkin to use deadly force to defend their property; (e) she could not foresee that T.W. Larkin would shoot the shotgun; (f) T.W. Larkin was not acting as Betsy Larkin's agent when he fired the shotgun; (g) Betsy Larkin did not conspire with T.W. Larkin to use deadly force to defend their property; and (h) her acts and omissions were not the proximate cause of Traweek's injuries.[2] Traweek asks this court to re-

---

**2.** The conclusions of law are as follows:

1. Since Betsy Larkin, the former wife of T.W. Larkin, was not a party to the suit that resulted in the 1980 judgment against T.W. Larkin, the husband, the 1980 trial and judgment were not and are not binding on the person that was not a party to the suit. Therefore, Defendant was not personally bound by said judgment.

2. The 1980 judgment could bind and reach marital property divided in the 1981 divorce if there had been any such property, but this would be the extent of the reach of the 1980 judgment as to the spouse that was not a party to the suit that resulted in the 1980 judgment. Therefore, Defendant was not bound by said judgment.

3. There can be no collateral estoppel or other kind of res judicata doctrine applicable as to the spouse that was not a party to the prior suit that resulted in a judgment against the husband, T.W. Larkin. Therefore, fact findings in the prior case are not binding on Defendant.

4. Joint enterprise requires control of the alleged joint enterprisers and a commercial

verse the cause and render the judgment of the trial court on the issue of joint and several liability of Betsy Larkin and T.W. Larkin for the actual damages determined in the previous case and remand the case to the trial court for determination of exemplary damages.

In his first three points of error, Traweek's primary argument is that the issues that were determined in the earlier case which resulted in a judgment against T.W. Larkin should be binding in the present case against Betsy Larkin under the principle of collateral estoppel. He contends that although Betsy Larkin was not a party to the suit, she was in privity with T.W. Larkin based upon her financial interest in the outcome of the case, her participation in a joint enterprise with her husband, an agency relationship between she and her husband, and her participation in a civil conspiracy to unlawfully protect property. We do not agree.

■■■ The doctrine of collateral estoppel, or estoppel by judgment is discussed in detail in *Benson v. Wanda Petroleum Company*, 468 S.W.2d 361, 362–63 (Tex. 1971). Collateral estoppel bars relitigation of fact issues in a subsequent action when those issues have been litigated and are essential to a prior judgment. *Id.* at 362. Generally, the rule is stated as binding a party and those in privity with that party. *Id.* at 363. Privity means a person is bound by the rules of res judicata even though that person is not a party to the prior cause of action, if the person is in privity with the party and the action terminated in a valid judgment. *Id.* However the determination of privity requires a careful examination into the circumstance of each case. *Id.* The party relying upon collateral estoppel must introduce into evidence the prior judgment and pleadings from the prior suit or the doctrine of collateral estoppel and res judicata is not applicable in the second proceeding. *City of Houston v. Houston Chronicle Pub. Co.*, 673 S.W.2d 316, 321 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). Because Traweek failed to introduce into evidence either the judgment or the pleadings from his prior suit against T.W. Larkin, the doctrine of collateral estoppel was not properly raised in his suit against Betsy Larkin. *See Id.* Points one, two and three are overruled.

In points of error four through twenty, Traweek contends that the findings of fact made by the court were unsupported by the evidence introduced and, in the alternative, that the findings were contrary to the great weight and preponderance of the evidence. These points cannot be sustained.

■■■ "The trial court's findings of fact have the same force and effect as a jury's verdict upon special issues." *Jackson v. McKenney*, 602 S.W.2d 124, 126 (Tex.Civ. App.—Eastland 1980, writ ref'd n.r.e.); 4 McDonald Texas Civil Practice § 16.05 (1971). When supported by some competent evidence, they will not be disturbed on appeal, even though they appear to be against the preponderance of the evidence, unless they are so against the overwhelming weight of the evidence as to be clearly wrong. *Id.* Traweek had the burden of proof and therefore the responsibility of obtaining affirmative findings from the tri-

purpose. Normal courtesies between a husband and wife are not sufficient. Therefore, no joint enterprise was shown to exist.
5. The illegal and grossly negligent acts of T.W. Larkin after he left the house with the shotgun represented new intervening cause which kept any prior act or omission of Defendant Betsy Larkin from being the proximate cause of the shotgun being fired and the firing of the gun in such a manner as to allow some of the shot to strike the Plaintiff in the eye. Therefore, there was no showing of proximate cause as to Defendant's acts or omissions.

6. Since Defendant Betsy Larkin had no knowledge of any plan of T.W. Larkin to shoot the Plaintiff, she was not guilty of a conspiracy to shoot the Plaintiff.
7. T.W. Larkin was not the agent or employee of Betsy Larkin because Betsy Larkin did not have the right of control in directing what T.W. Larkin did with his shotgun or who he was to shoot at under what circumstances.
8. There could be no ratification by Defendant Betsy Larkin of the acts of T.W. Larkin, because there can be no ratification of an act which was not done in behalf of and did not purport to bind Betsy Larkin.

al court supporting each disputed element necessary to his recovery. In a case tried without a jury the court sits as the trier of the facts as well as of the law, he may draw reasonable inferences from the evidence, and he is the judge of the credibility of the witnesses and the weight to be given their testimony. 4 McDonald Texas Civil Practice § 16.04 (1971).

■ It is the appellant's contention that Betsy Larkin created a dangerous situation when, on the night in question, she told her husband that she believed someone was trying to break in the house. In response to her alarm her husband got his shotgun, loaded it, and went out in the yard to investigate the noise. There is no evidence that, in raising the alarm, Betsy asked her husband to go outside the home or to take the shotgun with him. The record is also silent as to any effort on her part to dissuade him from loading the gun or carrying it with him into the yard. In appellant Traweek's view, her silence, under the circumstances, was a breach of a duty she owed to Traweek. He argues that by failing to interfere with her husband's loading and carrying the shotgun, she negligently acquiesced and encouraged her husband to use deadly force proximately causing Bobby Traweek's injuries.

From our review of the record, we do not believe that the scanty facts in evidence compelled the trial court to conclude that Betsy Larkin's acts or omissions amounted to negligence. However, assuming for the sake of argument that she was negligent, the trial court was not clearly wrong in determining that Betsy Larkin could not reasonably have foreseen that her husband would unlawfully fire the weapon so as to injure Traweek. Mr. Larkin's foolishly shooting into the dark, not for the legitimate purpose of self-defense, but to "mark" the fleeing pickup, was a reckless and criminal act which the trial court might reasonably have concluded Betsy Larkin was not bound to anticipate. In regard to those findings related to Traweek's effort to recover against Betsy Larkin for her own conduct, we cannot conclude that they are so against the great weight of the evidence as to be clearly wrong. Traweek

failed to sustain his burden of persuading the fact-finder on those issues necessary for recovery on the theory of Betsy Larkin's own negligence. Indeed, had the court found her negligence to be the proximate cause of Traweek's injuries, there is no evidence in the record that might have served as a basis for a finding of damages.

Traweek also sought to recover against Betsy Larkin under several alternate theories of vicarious liability. The trial court declined to find the existence of any legal relationship between Mr. and Mrs. Larkin under which Mr. Larkin's negligence might be imputed to Betsy Larkin. The trial court found that Mr. Larkin was not Betsy Larkin's agent, that she and her husband were not engaged in a joint enterprise, and that they did not conspire to use unlawful force to injure the appellant. The evidence does not establish the presence of either of these relationships as a matter of law nor is the trial court's failure to find their existence so against the great weight and preponderance of the evidence as to be clearly and manifestly wrong.

■ In advancing the agency theory Traweek cites Mr. Larkin's testimony that he probably would have remained inside and not have taken the shotgun had Betsy Larkin objected. That he might have chosen another course had his wife suggested one falls short of proving he was subject to her control and hence her agent. The facts in evidence fail to demonstrate a business or pecuniary purpose without which there can be no joint enterprise. *Shoemaker v. Estate of Whistler*, 513 S.W.2d 10, 17 (Tex. 1974). The record is devoid of any evidence of an agreement between the Larkins to inflict a wrong or an injury on Traweek which is essential to prove civil conspiracy. *Schlumberger Well Service Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 857 (Tex.1969).

■ We note that the statement of facts reflects that Traweek asked the court to take judicial notice of all the proceedings and the record in Cause No. 78–4706. However, a trial judge cannot consider testimony taken at a previous trial in a subse-

quent trial unless it is admitted into evidence. *Muller v. Leyendecker*, 697 S.W.2d 668, 675 (Tex.App.—San Antonio 1985, no writ); *Federal Underwriters Exchange v. Hinkle*, 187 S.W.2d 122, 124 (Tex.Civ.App. —Fort Worth 1945, writ ref'd w.o.m.). We find that the evidence was both legally and factually sufficient to support the findings of the trial judge. Points four through twenty are overruled.

In his final point of error, Traweek contends that the court erred when it failed to notify him that findings of fact and conclusions of law had been filed January 23, 1985. In response to his telephone inquiry, he was erroneously informed that the findings had not been filed. It is not clear to whom or on what date the inquiry was made. Nevertheless, acting upon this misinformation, he called the supposed omission to the court's attention in a writing filed February 13, 1985. He argues that the court's failure to give him notice of the filing deprived him of the opportunity to request amended or additional findings within five days of the filing of the original filing as required by Rule 298. Therefore he contends his failure to request additional findings should not be considered a waiver of his right to complain on appeal.

■ When a party challenges findings of fact and conclusions of law on the basis that the findings have no support in the evidence or are contrary to the great weight and preponderance of the evidence, he is not required to file exceptions to such findings in order to preserve error on appeal. Tex.R.Civ.P. 307; *Cowling v. Colligan*, 158 Tex. 458, 312 S.W.2d 943, 948 (1958). The party needs only to except to the judgment by raising proper points of error in his brief. *Id.* As evidenced by Traweek's first twenty points of error, his points of appeal were properly preserved and considered by this court; therefore, his contention that the findings of fact and conclusions of law are "erroneous" has not been waived.

■ However Rule 299 of the Texas Rules of Civil Procedure provides in part as follows:

Where findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported upon appeal by a presumption of finding upon any ground of recovery or defense, no element of which has been found by the trial court; ....

The rule is intended to give the same effect to the judge's findings in a nonjury trial as that accorded a jury's answers to special issues in a jury trial. 4 R. McDonald, Texas Civil Practice § 16.09 (rev.1971); Tex.R.Civ.P. 279. All independent grounds of recovery or defense upon which no finding is made or requested are therefore deemed to have been waived. Therefore, a party asserting an independent ground of recovery in a trial before the court must request findings in support of the ground of recovery in order to avoid waiver on appeal. If the findings filed by the court do not include any element of the ground asserted, the failure of the party seeking recovery to request additional findings of fact relevant to the ground of recovery upon which he relies effects a waiver of that ground. *Pinnacle Homes, Inc. v. R.C.L. Offshore Engineering Co.*, 640 S.W.2d 629, 631 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *McKenzie v. Carte*, 385 S.W.2d 520 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.).

■ The Texas Rules of Civil Procedure do not require the court to notify either party of the filing of findings of fact and conclusions of law. *Ducoff v. Ducoff*, 523 S.W.2d 264, 268 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). Traweek argues that not only did the court fail to inform him of their filing, but that someone, presumably connected with the court, misled him into believing they had not been filed. As a result, Traweek argues, he was deprived of the opportunity to timely file a request for additional findings within the five-day period allowed by Rule 298. To preserve error on this ground, Traweek should have sought an extension of time within which to file a request for additional findings under Tex.R.Civ.P. 5(b) urging

good cause for the request so that the trial judge might have had the opportunity to consider his allegations and the evidence supporting them. *State v. Woodville Lumber Company, Inc.,* 557 S.W.2d 572, 574 (Tex.Civ.App.—Beaumont 1977, no writ). He failed to do this. Although Traweek seems to complain that the trial judge's findings are incomplete, he does not state in his brief nor is there anything in the record to indicate in what manner he would have had the trial judge enlarge or amend them. Absent a bill of exception demonstrating the court's failure or refusal to consider a request for specific additional findings, nothing is preserved for review. *Pinnacle Homes, Inc. v. R.C.L. Offshore Engineering,* 640 S.W.2d at 631; *Zaruba v. Zaruba,* 498 S.W.2d 695 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd); *Steppe v. O'Day,* 315 S.W.2d 599 (Tex.Civ.App.—Waco 1958, writ ref'd n.r.e.). Point twenty-one is overruled.

The judgment is affirmed.