Taylor v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-174-CR

     JUNIOUS TAYLOR,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 180th District Court
Harris County, Texas
Trial Court # 623,854
                                                                                                    

O P I N I O N
                                                                                                    

      Junious Taylor pleaded guilty to charges of aggravated robbery and escape. See Tex. Penal
Code Ann. § 29.03 (Vernon Supp. 1992) & § 38.07 (Vernon 1989). The court sentenced him
to five years in prison on each charge.
      Counsel on appeal has filed an Anders brief. See Anders v. California, 386 U.S. 739, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967). Our Court of Criminal Appeals has adopted the holding in
Anders. Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991). In Anders, the Supreme
Court held:
The constitutional requirement of substantial equality and fair process can only be attained
where counsel acts in the role of an active advocate in behalf of his client, as opposed to that
of amicus curiae . . . . His role as advocate requires that he support his client's appeal to the
best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a
conscientious examination of it, he should so advise the [appellate] court and request
permission to withdraw. That request must, however, be accompanied by a brief referring to
anything in the record that might arguably support the appeal. A copy of counsel's brief
should be furnished the indigent and time allowed him to raise any points that he chooses; the
court—not counsel—then proceeds, after a full examination of all the proceedings, to decide
whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw
and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision
on the merits, if the state law so requires. On the other hand, if it finds any of the legal points
arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the
indigent the assistance of counsel to argue the appeal.
Anders, 386 U.S. at 744, 87 S.Ct. at 1400, 18 L.Ed.2d 493.
      After counsel files a proper Anders brief, the court of appeals must conduct its own review
of the record to ascertain if there are any arguable grounds for the appeal. Stafford, 813 S.W.2d
at 511. Counsel filed an Anders brief asserting that he had reviewed the entire appellate record
and, in his professional opinion, appeal of the judgments is without merit and frivolous. Counsel's
brief states that the indictments alleged all necessary elements of the charged offenses; that because
no motion to quash was filed, any defect was waived; and that the plea agreement signed by
Taylor admits and confesses that he was guilty of the offenses charged. 
      The statement of facts reflects that the court orally informed Taylor of his right to a jury trial
and the effects of signing a confession. Taylor stated he understood his rights, that he had read
the plea document and reviewed it with his attorney, and that his signature was freely and
voluntarily given. The court established the factual basis for each guilty plea. Finally, the court
informed Taylor of the range of punishment for both offenses and the significance of a deadly
weapon finding. The State requested a ten-year prison sentence, Taylor requested deferred
adjudication, and the probation officer recommended incarceration. The court sentenced Taylor
to a five-year prison sentence for the aggravated robbery with an affirmative finding of the use of
a deadly weapon and a five-year sentence for the escape.
      Counsel filed a motion to withdraw as counsel and has furnished Taylor a copy of his brief. 
Counsel also prepared a motion for Taylor's signature requesting an extension of time to file a pro
se brief and a motion to review the appellate record. Counsel also furnished Taylor with a
photocopy of the statement of facts and transcript. Taylor did not file a pro se brief.
      After a full examination of the entire proceeding, we conclude that an appeal is frivolous. See
Anders, 386 U.S. at 744, 87 S.Ct. at 1400. We affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed September 30, 1992
Do not publish




stands for nothing. Browner v. Arellano, S.Ct., 758 S.W.2d 757.
See also Sections 23 and 24 Jury, 49 Tex.Jur.3d, p. 44, et
seq; Section 11.03.1 Demand for Jury, 3 McDonald Texas Civil
Practice, p. 88, et seq; which are in accord with the foregoing.
Point 1 is sustained and requires a reversal and remand of
these cases.
Point 2 asserts "the trial court erred in taking judicial
notice of the testimony of a prior criminal trial involving the
appellants".
While a court may take judicial notice of its prior judgments
in cases involving substantially the same parties and issues, it
cannot take judicial notice of testimony taken at a previous trial
unless it is admitted into evidence in the subsequent trial. 
Traweek v. Larkin, CA (Tyler) NRE, 708 S.W.2d 943.
Point 2 is likewise sustained.
In view of another trial, we express no opinion on points 3
through 11.
The judgment in each of the 4 cases is reversed and each case
is remanded for new trial.
REVERSED & REMANDED
 
                               FRANK G. McDONALD
DO NOT PUBLISHChief Justice (Retired)

[Participating: Chief Justice Thomas, Justices Hall and Means, and
Chief Justice (Retired) McDonald]