Opinion issued on July 3, 2003



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00145-CV




MICHAEL GRAY, Appellant

V.

THE KIRKWOOD SOUTH COMMITTEE AND ALL TEXAS
DEMOLISHING, INC., Appellees




On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2001-09856




MEMORANDUM OPINION

          Michael Gray, appellant, sued the Kirkwood South Committee and All Texas
Demolishing Inc., appellees, for damage to Gray’s property. Kirkwood
counterclaimed, alleging that Gray had sued in bad faith and for purposes of
harassment. All Texas Demolishing and Kirkwood both filed motions for summary
judgment that were granted by the trial court. A jury trial was held on Kirkwood’s
counterclaim, and, after finding that Gray had sued in bad faith or for purposes of
harassment, the jury awarded $9,600 in attorneys’ fees to Kirkwood.
          In four issues, which we narrow to three issues for purposes of this appeal,
Gray argues that (1) the trial court’s grant of summary judgment as to his claims
against All-Texas Demolishing was erroneous; (2) the trial court improperly granted
Kirkwood’s motion for summary judgment; and (3) the trial court erred when it set
a trial date and granted Kirkwood’s motion to enter judgment on the jury verdict
while Gray’s appeal was pending before this Court.
          We reverse the trial court’s summary judgment order for Kirkwood, and affirm
the trial court’s judgment in all other respects. 
Facts 
          Gray and Kirkwood have been at odds over Gray’s use of real property on
Kirktown Drive for several years. Kirkwood has alleged that Gray violated deed
restrictions governing the use of the property, and Gray and Kirkwood have attempted
to resolve their disputes in court prior to the lawsuit filed by Gray that is now on
appeal. The record in this case provides only some information as to the details and
results of the prior litigation. According to a photocopy of a “judgment of contempt,”
which was entered on April 13, 1999, and attached to Kirkwood’s motion for
summary judgment, Kirkwood obtained a permanent injunction against Gray to,
among other things, prevent Gray from building or improving property located on
10189 Kirktown Drive without first obtaining the approval of Kirkwood’s
architectural control committee. The judgment of contempt went on to state that Gray
had not abided by the provisions of the permanent injunction, and granted Kirkwood
the authority to enter onto Gray’s property to take whatever steps were necessary to
bring Gray into compliance if Gray did not immediately comply.
          Gray filed the lawsuit in this case on February 21, 2001, and alleged that, in
August of 1999, Kirkwood and All Texas Demolishing entered onto his property and 
removed Gray’s garage, the contents of the garage, and foundation pipes. Gray
further alleged that the removal of the foundation pipes caused extensive damage to
the foundation slab. 
          Kirkwood filed a motion for summary judgment on the ground that Gray’s suit
was barred by res judicata as a matter of law, and the trial court granted the motion. 
All Texas Demolishing subsequently filed a motion for summary judgment that raised
traditional as well as no-evidence grounds. Gray did not respond to the motion, and
it was granted by the trial court without stating the grounds upon which the summary
judgment was based.
          Gray filed notices of appeal on February 1, 2002, and on March 7, 2002. On
March 8, 2002, the trial court ordered that the trial be reset. Gray filed a motion to
stay on July 3, 2002. On July 31, 2002, the trial court reset the trial to start during the
two-week period beginning on September 23, 2002. Gray filed another motion to
stay on September 10, 2002. The case went to a jury trial on September 26, 2002, on
Kirkwood’s counterclaim that Gray had filed the lawsuit in bad faith, and the jury
found that Gray had sued Kirkwood in bad faith or for harassment. On November 14,
2002, this Court, unaware of the jury trial on September 26, 2002, issued an order
abating the appeal, and gave Gray 30 days to demonstrate that there was a final
judgment. On January 30, 2003, after a supplemental clerk’s record was filed
containing a final judgment disposing of all parties and claims, this Court lifted the
abatement and reinstated the appeal.
Summary Judgment for All Texas Demolishing
          In his first point of error, Gray argues that the trial court erred in granting
summary judgment for All Texas Demolishing because there is a genuine issue of fact
as to whether All Texas Demolishing damaged Gray’s property.
          The standards for reviewing a motion for summary judgment are as follows:
(1) the movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that the movant is entitled to judgment as a matter
of law; (2) in deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the nonmovant will be taken as true; and
(3) every reasonable inference must be indulged in favor of the nonmovant and any
doubts resolved in the nonmovant’s favor. Nixon v. Mr. Prop. Mgmt. Co., 690
S.W.2d 546, 548-49 (Tex. 1985). A defendant is entitled to summary judgment if at
least one element of each of the plaintiff’s causes of action is negated as a matter of
law. Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 476-77 (Tex. 1995). 
A defendant may also prevail on a motion for summary judgment by conclusively
proving all elements of an affirmative defense as a matter of law, such that there is
no genuine issue of material fact. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995).
          A no-evidence motion for summary judgment is proper when there is complete
absence of evidence of a vital fact, or the evidence offered to prove a vital fact is no
more than a scintilla, or the evidence conclusively establishes the opposite of the vital
fact. Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). The
trial court must grant the no-evidence motion for summary judgment unless the
respondent produces summary judgment evidence raising a genuine issue of material
fact. Tex. R. Civ. P. 166a(i). 
          In this case, Gray did not respond to the no-evidence motion for summary
judgment filed by All Texas Demolishing. Accordingly, we hold that the trial court
did not err in granting summary judgment for All Texas Demolishing. Tex. R. Civ.
P. 166a(i) (“the court must grant the motion unless the respondent produces summary
judgment evidence raising a genuine issue of material fact.”); Judge Hittner, David
& Liberato, Lynne, Summary Judgments in Texas, 54 Baylor L. Rev. 1, 69-70
(2002) (“responding to a no-evidence motion for summary judgment is virtually
mandatory.”).
          We overrule issue one.
Summary Judgment for Kirkwood
          In his second issue, Gray argues that the trial court erred in granting summary
judgment for Kirkwood on the ground of res judicata because (1) the exhibits
attached to Kirkwood’s motion for summary judgment were not incorporated in the
motion for summary judgment; (2) the pleadings, motions, and judgments relied upon
by Kirkwood as evidence were not properly certified by affidavit; and (3) there was
no evidence that Gray’s suit could have been litigated in any prior action between
Gray and Kirkwood. 
          Res judicta, or claim preclusion, prevents the relitigation of a claim that has
been finally adjudicated, as well as related matters that should have been litigated in
the prior suit. Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992). The
elements of res judicata are (1) a final prior judgment on the merits by a court of
competent jurisdiction; (2) identity of the parties or those in privity with them; and
(3) a subsequent action based on the same claims raised or those that could have been
raised in the first action. Amstadt v. United States Brass Corp., 919 S.W.2d 644, 652
(Tex. 1996). 
          A party asserting the affirmative defense of res judicata should provide the trial
court with the prior judgment and pleadings that are relied upon by the movant. See
Traweek v. Larkin, 708 S.W.2d 942, 945 (Tex. App.—Tyler 1986, writ ref. n.r.e.). 
When a party is relying upon the affirmative defense of res judicata as a ground for
summary judgment, care must be taken to attach certified copies of “both the prior
petition and prior judgment” to the motion for summary judgment so that the court
can properly determine whether the non-movant’s claim is one that was or could have
been brought in a previous action. Anders v. Mallard and Mallard, Inc., 817 S.W.2d
90, 94 (Tex. App.—Houston [1st Dist.] 1991, no writ). 
          In support of its contention that Gray’s suit was barred by res judicata,
Kirkwood attached to its motion for summary judgment photocopies of various
pleadings and motions that it alleged were filed by Gray, a photocopy of an “agreed
final judgment” document that was signed by the parties at an unspecified date in
1996, but not by a judge, a photocopy of an opinion from this Court that dismissed
an appeal from Gray for want of jurisdiction, as well as a photocopy of a “judgment
of contempt,” that was signed by a judge on April 13, 1999. 
          We have reviewed Kirkwood’s summary judgment evidence, and we have not
found conclusive evidence that Gray’s claim was already litigated, or could have been
litigated in any previous action. The “judgment of contempt,” which was the most
recent document that was signed by a judge, was signed on April 13, 1999, and
provides the following:
[A]s the result of [apellant’s] longstanding conscious indifference to the
lawful judgment of this Court, equity dictates that, should [appellant]
fail to immediately comply in all respects with this Judgment of
Contempt by removing all structures and/or improvements at the subject
property leaving only the existing concrete slab or slabs and by
maintaining the yard of the subject premises in a neat and aesthetic
manner at all times, Plaintiff, THE KIRKWOOD SOUTH
COMMITTEE, is authorized by this Court as follows:
Plaintiff, its agents, contractors and/or representatives shall be allowed
to enter upon [appellant’s] subject property . . . at any time . . . to bring
the subject property into compliance with this Court’s lawful judgment
. . . .
The acts complained of in Gray’s petition, namely the removal and destruction of his
property, were alleged to have occurred in August of 1999. While the April 13, 1999
judgment of contempt purported to allow Kirkwood to enter Gray’s property and take
action to bring Gray’s property into compliance with applicable deed restrictions, we
are not persuaded that the judgment of contempt can be used by Kirkwood to bar,
under res judicata grounds, any and all subsequent lawsuits by Gray that are based
upon Kirkwood’s alleged destruction of Gray’s property occurring after the date of
the judgment of contempt. Whether Gray complied with the trial court’s instructions
in the judgment of contempt, and whether Kirkwood’s conduct in August of 1999 was
within the scope of the authority granted to it by the judgment of contempt are issues
that have not been adjudicated. Accordingly, and without otherwise commenting on
the merits of Gray’s claim, we hold that, because the claim alleged by Gray did not
exist until after August of 1999, which was after the most recent prior final judgment
in which Gray was a party, the grant of Kirkwood’s motion for summary judgment
on res judicata grounds was erroneous. See Amstadt, 919 S.W.2d at 652 (res judicata
is proper only if the claim in the subsequent action was or could have been raised in
the first action).
Order Setting a Trial Date and Entering Judgment on the Jury Verdict
          In his third issue, Gray argues that the trial court erred in setting a trial date and
in entering a judgment on the jury verdict because Gray’s appeal was still pending
before this Court. Kirkwood argues that the trial court was permitted to set the trial
date because Gray’s appeals to this Court were premature, and there was no
temporary order from this Court to stay the proceedings.
          Gray’s argument in support of his third issue consists of a single sentence, and
he does not cite to any authorities to support his contentions. Accordingly, we hold
that the issue has been waived because of inadequate briefing. Tex. R. App. P.
38.1(h); see Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284
(Tex. 1994). 
          We overrule issue three.
Conclusion 
          We reverse the trial court’s summary judgment order for Kirkwood, and affirm 
 
 
 
the trial court’s judgment in all other respects.
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Higley.