**REDMAN INDUSTRIES, INC.,**
**Appellant,**

v.

**O. Dean COUCH, Jr., Indv. & Dba Couch Mortgage Company et al., Appellees.**

**No. B2533.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 4, 1981.

Rehearing Denied March 25, 1981.

A. L. Vickers, Ungerman, Hill, Ungerman, Angriest, Dolinoff, Teofan & Vickers, Dallas, for appellant.

Joe H. Reynolds, Reynolds, Allen & Cook, Houston, Charles B. Harris, Harris, Finley & Creel, Fort Worth, Robert H. Fisher, Carl, Lee & Fisher, Sugarland, John W. Clark, Jr., Turner, Hitchens, McInerney, Webb & Harnett, Dallas, for appellees.

Before COULSON, MILLER and MURPHY, JJ.

MILLER, Justice.

This is an appeal from a summary judgment in favor of appellees O. Dean Couch, Jr., Individually and d/b/a Couch Mortgage Company and Associated Properties, Inc. ("Couch" and "Associated"). Redman Industries, Inc. ("Redman") brought suit against Couch and Associated alleging a violation of the Texas usury law, and alternatively asserted a cause of action which Redman states sounds in contract and breach of implied fiduciary duty, but which Couch and Associated argue is an action in tort. In this appeal Redman brings three points of error. We overrule Redman's points and affirm the trial court's judgment.

The basis for Redman's causes of action is a letter agreement entered into on July 11, 1974. This agreement provided that Redman would "sell" to Associated a certain promissory note. This $4,700,000.00 note was executed by Daniel P. Robinowitz and was payable to Redman's order. The note was secured by some 371 acres of land in Collin County, Texas. The purchase price of the note was $4,499,521.00, payable in several installments as provided in the agreement.

It was necessary for Associated to borrow funds in order to finance the purchase of the note, and the agreement with Redman provided if the note was prepaid by Robinowitz or if default was declared, that Redman would be entitled to any amounts received by Associated over the amount necessary to pay back the money which Associated borrowed in order to purchase the note. Additionally, under the agreement, Redman had the option to repurchase the note if Robinowitz ever defaulted.

Robinowitz defaulted on the promissory note and Redman chose not to exercise its repurchase option. The land securing the note was foreclosed on and purchased at the foreclosure sale by Associated for $4,000,-000.00. This property was subsequently sold by Associated for $5,900,000.00.

Redman claims the agreement at issue is not a sale of a note, as it purports to be, but is instead a device to conceal a usurious loan. Further, Redman asserts Associated, by bidding a figure at the foreclosure sale that was substantially below fair market value, in effect breached a fiduciary duty implied in the agreement, and that an express provision in the agreement was breached because Associated did not return to Redman the excess of the $5,900,000.00 received for the land over the amount needed by Associated to repay the loan which Associated used to purchase the note. A "conspiracy" between Associated, Couch, and Associated's lenders was also alluded to in Redman's petition.

After summary judgment was granted in favor of appellees this appeal followed.

In its first point of error Redman argues the trial court erred in granting the motion for summary judgment because the grounds set forth in the motion were not as a matter of law a basis for awarding summary judgment.

In their motion Couch and Associated alleged Redman as a matter of law should not recover on its cause of action for usury because no loan was ever made to Redman. The both claimed in this regard the transaction in question was a sale, not a loan, and that in Texas, for usury laws to apply, the transaction must involve a loan. As to Redman's other cause of action, Couch and Associated urged in their summary judgment motion that it sounded in tort and was subject to the two-year statute of limitations, which had passed when Redman filed suit.

Redman asserts that usury need not only be predicated on a loan, but that the use, forbearance or detention of money can also support a usury cause of action. Redman argues, therefore, the grounds set forth in the motion for summary judgment are not sufficient for granting summary judgment on the usury claim because it is not a prerequisite to the finding of usury that a loan exist.

Additionally, Redman urges the grounds put forward by Couch and Associated in support of their motion for summary judgment as to Redman's second cause of action are also legally insufficient. Redman argues Couch and Associated breached an express provision in the contract, an implied duty to bid the fair market value at foreclosure and breached an implied fiduciary duty, and that the cause of action arising from these breaches is controlled by the four-year statute of limitations applying to written contracts, not the two-year tort statute of limitations urged by Couch and Associated and applied by the trial court. For this reason, Redman states as a matter of law that summary judgment should not have been granted as to the second cause of action.

We disagree with Redman's conclusions regarding the usury cause of action. For a usurious contract to be established it is necessary that there be (a) a loan of money, (b) an absolute obligation that the principal be repaid, and (c) the exaction of a greater compensation than allowed by law for the use of the money by the borrower. *Rinyu v. Teal*, 593 S.W.2d 759, 761 (Tex.Civ. App.—Houston [14th Dist.] 1979, writ ref'd n. r. e.); *Pansy Oil Co. v. Federal Oil Co.*, 91 S.W.2d 453, 455 (Tex.Civ.App.—Texarkana 1936, writ ref'd).

For there to be a usury cause of action there must be some type of loan in existence. Couch and Associated, in support of their motion for summary judgment, alleged the transaction in question did not involve a loan. Therefore in this regard the grounds of the motion for summary judgment were not insufficient as a matter of law.

We also disagree with Redman's allegation that the grounds for summary judgment as to the second cause of action were insufficient as a matter of law. The trial court based the summary judgment as to the second cause of action on the fact that the two-year tort statute of limitations was applicable and not complied with. We hold this was the proper statute of limitations applicable to Redman's secondary claims.

The secondary claim of Redman is based on the alleged breach of an "implied fiduciary duty" existing between Redman and Associated, and on an alleged "conspiracy" between Associated and the other defendants sued by Redman. The cause of action arising from these alleged actions is governed, we hold, by the two-year tort statute of limitations, not the four-year contract statute of limitations. The ground set forth in the motion for summary judgment as to Redman's secondary cause of action was a proper basis for the trial court's granting of summary judgment.

Redman's first point of error is overruled.

In its second point of error Redman asserts the trial court erred in granting the motion for summary judgment because the movants failed to show there was no genuine issue of material fact as to whether the transaction in question was a loan or a transaction subject to the usury laws. We do not agree.

 The transaction involved was clearly a sale of a note at a discount, and not a loan. Throughout the July 11, 1974 agreement a sale of the note is referred to. In the opening paragraph of the agreement it is stated: "Associated Properties, Inc. . . . agrees to purchase from Redman Industries, Inc. . . . and Redman agrees to sell to API that certain Promissory Note. . . ." In the first subsection the "purchase price" of the note is set out. Additionally, the deposition testimony of the chairman of the board of Redman indicated he understood the documents evidencing the transaction to provide for a sale:

Q: Let me ask you [Mr. Redman] sort of a straight question. All of these instruments, I believe its fair to say, provide for the sale of a note; is that not right, sir?

A: That's correct.

As the *Rinyu* case established, the requirements for a usurious contract to be established include the requirement that there be an absolute obligation the principal be repaid. 593 S.W.2d at 761. There was no obligation whatsoever for Redman to repay any sum arising from the agreement in question. Mr. Redman, chairman of the board of appellant, testifying on deposition, admitted there was no such obligation:

Q: But you [Redman] had no obligation to pay that third party, to repay that third party, any of the money that you, quote, borrowed, unquote; isn't that correct, sir?

A: At the end we didn't, no. . . .

Q: As it closed you had no obligation to pay any sum at all.

A: That's correct.

We hold there was a proper showing of no genuine issue of material fact as to whether the transaction in question was a loan or a transaction subject to the usury laws, and Redman's point of error two is overruled.

Redman, in its third point of error, asserts the trial court erred in granting the motion for summary judgment because the movants failed to show there was no genuine issue of material fact as to whether the contract with Redman was breached by Couch and Associated. We have held this secondary cause of action sounds in tort and not contract and that the two-year tort statute of limitations bars the action. We therefore do not reach the question of any possible breach in this regard. Redman's third point of error is overruled.

Judgment affirmed.