**Wallace W. SMITH, Appellant,**

v.

**Mike CHAPMAN, Donald M. Thompson, and Sue Thompson, as Independent Executrix of the Estate of William M. Thompson, Appellees.**

No. 11–93–342–CV.

Court of Appeals of Texas, Eastland.

Feb. 23, 1995.

Rehearing Overruled April 6, 1995.

Phillip Scott McClure, Layne R. Turner, George Finley, Smith, Carter, Rose, Finley & Griffis, Clyde A. Wilson, Jr., Gossett, Harrison, Reese, Wilson, Woodward & Millican, San Angelo, for appellant.

Ben D. Sudderth, Comanche, Darrell Haynes, Brownwood, for appellees.

Before McCLOUD*, C.J., and BROWN* and DICKENSON, JJ.

Opinion

AUSTIN McCLOUD, Chief Justice, Retired.

This is an appeal from a take-nothing judgment where the trial court held that the suit was barred by the two-year statute of limitations. We affirm.

Gate One Motor Inn, Inc. owned as its only asset a motel in Cleburne, Texas. On May 29, 1985, Gate One entered into a real estate listing agreement with Wallace W. Smith for the sale of the motel. In early November of 1985, an attorney employed by Gate One advised the corporation that, because the prospective purchaser produced by Smith could not obtain the required financing, Gate One had no responsibility under the listing agreement to pay Smith a real estate commission. On November 20, 1985, the corporation sold the motel. Since Smith did not produce the buyer, Gate One did not pay Smith a commission. The day after the sale, the directors and shareholders of Gate One deducted the corporation's expenses from the sale price and then distributed the remaining proceeds to themselves.

On February 21, 1986, Smith sued Gate One asserting that he had a right to a commission under the listing agreement. Smith did not name any shareholders or directors as parties to his suit. On March 2, 1987, judgment was rendered for $47,500 against the corporation. Execution on the judgment was returned nulla bona. On September 18, 1987, Gate One forfeited its right to do business in Texas; and on January 18, 1988, it forfeited its charter.

On September 27, 1988, Smith filed the present lawsuit against the directors and shareholders of the corporation.[1] Smith based his suit on the distribution by appellees of all of the corporate assets to the directors and shareholders on November 21, 1985, after the sale of the motel. In his fifth amended petition, Smith alleged that the appellees were liable "as trustees of the assets of the Corporation"; and he sought recovery as a creditor of the corporation. The trial court found that Smith's cause of action was barred by the statute of limitations.

In three points of error, Smith argues that the trial court erred in holding that the "trust fund theory" was no longer recognized in Texas and that this theory had been replaced by TEX.BUS.CORP.ACT ANN. art. 2.41 (Vernon Supp.1995). Smith contends in his brief that he is entitled to recover on other theories besides the trust fund theory. Smith also argues in his sixth point that the trial court erred in holding that his suit was barred by the statute of limitations.

### Article 2.41 and the Trust Fund Theory

In ordinary circumstances where a director mismanages corporate affairs or takes funds for himself, which in fairness and equity belong to the corporation, a cause of action on behalf of the corporation arises. *Fagan v. La Gloria Oil and Gas Company,* 494 S.W.2d 624, 628 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ). The liability imposed on directors under Article 2.41 is to the corporation, not to the corporation's creditors. *Blond Lighting Fixture Supply Company v. Funk,* 392 S.W.2d 586, 590 (Tex.Civ. App.—San Antonio 1965, no writ). Article 2.41(A) imposes liability on directors for certain acts; however, this liability is "to the corporation." *Blond* is not to be taken to say that a creditor cannot sue under Article 2.41 *on behalf of the corporation.* See *Renger Memorial Hospital v. State,* 674 S.W.2d 828, 830 (Tex.App.—Austin 1984, no writ).

In his fifth amended petition, Smith sought recovery only on behalf of himself. As a creditor of Gate One, he did not state a cause

* Retired, Court of Appeals, Eastland, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

1. Mike Chapman; Donald M. Thompson; and Sue Thompson, as the Independent Executrix of the Estate of William M. Thompson, were corporate directors and shareholders of Gate One and are the appellees in this appeal. Two other directors and shareholders were included in the original suit but are not parties to this appeal.

of action arising under Article 2.41 because he did not seek recovery on behalf of the corporation.

■ The trust fund theory does give Smith a cause of action that he can prosecute directly against corporate directors. This doctrine provides that, when the assets of a dissolved corporation are distributed among its shareholders, a creditor of the dissolved corporation may pursue the assets on the theory that the assets are burdened with an equitable lien in the creditor's favor. Henry I. *Siegel Company, Inc. v. Holliday,* 663 S.W.2d 824, 827 (Tex.1984); *Hunter v. Fort Worth Capital Corporation,* 620 S.W.2d 547, 550 (Tex.1981). A creditor can follow assets which are inequitably transferred and subject them to his claim. *Siegel v. Holliday,* supra. If a director disposes of the assets in a manner which cannot be traced, the director is personally liable on the claim. *Siegel v. Holliday,* supra.

■ Article 2.41(G) states that the liability provided for in Article 2.41(A)(1) shall be the only liability of directors to a *corporation or its creditors* for authorizing a wrongful distribution as provided for in TEX.BUS.CORP. ACT ANN. art. 2.38 (Vernon Sup.1995). Assuming without deciding that Article 2.41(G) eliminates the trust fund theory cause of action, Article 2.41(G) does not apply to the present case. Smith's trust fund theory cause of action arose in November 1985. The effective date of Article 2.41(G) was August 26, 1991. A statute is presumed to operate prospectively unless the legislature makes it applicable to both future and past transactions. TEX.GOV'T CODE ANN. § 311.022 (Vernon 1988); *Coastal Industrial Water Authority v. Trinity Portland Cement Division, General Portland Cement Company,* 563 S.W.2d 916, 918 (Tex.1978). Nothing in the language of Article 2.41(G) states or implies that the legislature intended for the section to displace a cause of action that arose before the effective date. Therefore, Article 2.41(G) does not eliminate Smith's trust fund theory cause of action.

### Other Theories of Recovery

■ Smith's fifth amended petition alleged no theory of recovery other than the trust fund theory. He is restricted on appeal to the theory on which he tried the case. *Davis v. Campbell,* 572 S.W.2d 660, 662 (Tex.1978). Furthermore, the trial court did not enter findings on any elements of any other theories of recovery; and Smith did not request any additional findings. Therefore, Smith has waived any other theories of recovery. TEX.R.CIV.P. 299; *MBank Abilene, N.A. v. Westwood Energy, Inc.,* 723 S.W.2d 246, 253 (Tex.App.—Eastland 1986, no writ); *Traweek v. Larkin,* 708 S.W.2d 942, 947 (Tex. App.—Tyler 1986, writ ref'd n.r.e.); *Pinnacle Homes, Inc. v. R.C.L. Offshore Engineering, Co.,* 640 S.W.2d 629, 630 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.).

### The Two–Year Statute of Limitations

■ The trust fund theory places directors in a fiduciary relationship to creditors. *Hixson v. Pride of Texas Distributing Co., Inc.,* 683 S.W.2d 173, 176 (Tex.App.—Fort Worth 1985, no writ); *Fagan v. La Gloria Oil and Gas Company,* supra. See *Tigrett v. Pointer,* 580 S.W.2d 375, 384 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.). It is the breach of this fiduciary duty that gives rise to the creditor's direct cause of action against the directors. *Hixson v. Pride of Texas Distributing, Co., Inc.,* supra; *Fagan v. La Gloria Oil and Gas Company,* supra.

A breach of fiduciary duty is subject to the two-year statute of limitations. *Kansa Reinsurance Company, Ltd. v. Congressional Mortgage Corporation of Texas,* 20 F.3d 1362, 1374 (5th Cir.1994); *El Paso Associates, Ltd. v. J.R. Thurman & Company,* 786 S.W.2d 17, 20 (Tex.App.—El Paso 1990, no writ); *Redman Industries, Inc. v. Couch,* 613 S.W.2d 787, 789 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). Smith's cause of action arose in November of 1985. He filed this suit in September of 1988, over two years later. Smith's sixth point of error is overruled.

Because the present suit was barred by the statute of limitations, we do not reach the other points of error. TEX.R.APP.P. 90(a).

The judgment of the trial court is affirmed.

DICKENSON, J., not participating.

### On Smith's Motion for Rehearing

█ On motion for rehearing, Smith contends that, if the two-year statute of limitations governs his cause of action, the limitations period should have been tolled until his judgment against Gate One Motor Inn, Inc. became final on April 2, 1987. Therefore, Smith argues that the two-year limitations period had not run before he filed the present action against the directors and shareholders on September 27, 1988. Smith cites *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154 (Tex.1991), and argues that, when a person is prevented from exercising his legal remedy by the pendency of court proceedings, the time during which he is prevented from acting should not be counted against him in determining whether limitations have barred his right. Smith's reliance on *Hughes* is misplaced.

The court in *Hughes* held:

[W]hen an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim against the attorney is tolled until all appeals on the underlying claim are exhausted.

The rationale in *Hughes* is that, if the client was forced to pursue the malpractice claim during the litigation of the underlying claim, he would be forced to take inherently inconsistent litigation postures: the client would have to defend the attorney's actions in the underlying claim while attacking them in the malpractice action. No such conflict confronted Smith in the present case.

Smith maintained in his suit against the corporation, as he continues to do in the present case, that he is a creditor of the corporation. Smith's posture in the present case is not inconsistent with the posture he took in his suit against the corporation. Therefore, *Hughes* does not apply. See *Hoover v. Gregory*, 835 S.W.2d 668 (Tex.App.—Dallas 1992, writ den'd); *Ponder v. Brice & Mankoff*, 889 S.W.2d 637 (Tex.App.—Houston [14th Dist.] 1994, writ requested).

█ Smith further argues that a four-year statute of limitations in either TEX.CIV. PRAC. & REM.CODE ANN. § 16.004 or 16.051 (Vernon 1986) and not the two-year statute in TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986) governs the breach of the fiduciary duty alleged in this case. Smith cites *Perez v. Gulley*, 829 S.W.2d 388 (Tex.App.—Corpus Christi 1992, writ den'd), and *Spangler v. Jones*, 797 S.W.2d 125 (Tex.App.—Dallas 1990, writ den'd). Both of these cases hold that, inasmuch as a breach of fiduciary duty "subsumes" a claim of constructive fraud, the claim is governed by the four-year statute of limitations.

The court in *Kansa Reinsurance Company, Ltd.* rejected the reasoning of *Spangler*. We also note that the Dallas Court of Appeals, which decided *Spangler* in 1990, later stated in *Hoover v. Gregory*, supra, that the two-year statute of limitations applied to a cause of action for breach of fiduciary duty.

The Texas Supreme Court held in *Williams v. Khalaf*, 802 S.W.2d 651, 656 (Tex.1990), that fraud claims are governed by the four-year statute of limitations applicable to "debt," Section 16.004. However, the court also stated:

In general, torts developed from the common law action for "trespass," and a tort not expressly covered by a limitation provision nor expressly held by this court to be governed by a different provision would presumptively be a "trespass" for limitations purposes.

Section 16.003 provides a two-year statute of limitations for "trespass for injury to the estate or to the property of another." Smith's tort claims against the directors and shareholders "as trustees of the assets of the corporation" are governed by the two-year statute of limitations.

Smith's motion for rehearing is overruled.