Affirmed, in Part, and Reversed and Remanded, in Part, and Opinion filed
December 12, 2006








 

Affirmed,
in Part, and Reversed and Remanded, in Part, and Opinion filed December 12,
2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00498-CV

____________

 

FOUR BROTHERS BOAT WORKS, INC.,
COLUMBIA STAR, INC.,

and BILLY B., INC., Appellants

 

V.

 

TESORO PETROLEUM COMPANIES, INC.,
TESORO MARINE SERVICES, INC., and COASTWIDE MARINE SERVICES, INC., Appellees

 



 

On Appeal from the 10th
District Court

Galveston County, Texas

Trial Court Cause No. 98CV0396

 



 

O P I N I O N








Appellants, Four Brothers Boat Works, Inc., Columbia Star,
Inc., and Billy B., Inc., appeal the summary judgment entered in favor of
appellees, Tesoro Petroleum Companies, Inc., Tesoro Marine Services, Inc., and
Coastwide Marine Services, Inc. (collectively, ATesoro@), on their claims
for breach of contract, violations of the Deceptive Trade Practices Act (ADTPA@), conspiracy to
commit DTPA violations, conspiracy to commit tortious interference of a
contract, fraud, breach of fiduciary duty, and third party beneficiary.  We
affirm, in part, and reverse and remand, in part.

I.  Background

On February 6,
1975, Galveston Yacht Basin, Inc. leased a 15.422 acre tract of land on the
Galveston Ship Channel to Joe Grasso & Son, Inc. (the AMaster Lease@).  The primary
term of the Master Lease began on May 1, 1977, and was to end on April 30,
1987.  The Master Lease also provided the tenant with two ten-year options for
extending the lease through April 30, 1997:

[Tenant] shall have the option of extending the term of this Lease for
an additional term of ten (10) years, commencing on the 1st day of May 1987 and
ending on the 30th day of April. 1997, and [Tenant] shall be deemed to have
exercised this option, unless [Tenant] shall give notice to [Landlord] not less
than six months before the expiration of the primary term of the [Tenant=s] election not to exercise such
option.  

                                                    *       
*        *

In like manner and under like
conditions, [Tenant] shall have the right, option and privilege of further
extending the term of this Lease for a second additional term of ten (10) years
commencing on the 1st day of May 1997 and ending on the 30th day of April,
2007.  

On May 1, 1977, Grasso entered into a sublease with Wallace
Trochesset for a portion of the property.  On January 1, 1980, Trochesset
assigned the sublease to Four Brothers (the AFour Brothers
sublease@).  The Four
Brothers sublease provided that the subtenant would have a primary term of ten
years, beginning on May 1, 1977, and ending on April 30, 1987.  The Four
Brothers sublease further provided, at the end of the primary term, the
subtenant had two ten-year options for extending the lease through April 30, 2007.








On February 16, 1987, Grasso (then known as Grasso Oilfield
Services, Inc.) entered into a sublease with Columbia Star, Inc. for another
portion of the premises (the AColumbia Star sublease@).  The Columbia
Star sublease provided that the subtenant would have a primary term of ten
years, from May 1, 1987 to April 30, 1997.  The Columbia Star sublease further
provided, at the end of the primary term, the subtenant with a ten-year option
for extending the sublease through April 30, 2007.  

On March 7, 1991, Galveston Yacht Basin and Grasso entered
into an amendment of the Master Lease.  The Amendment provided the Master Lease
would terminate on April 30, 1997, and that Grasso would Anot have any
right, option or privilege to extend the term of the Grasso Lease beyond such
date.@[1]  In 1993,
S&SF, Inc. purchased the properties owned by Galveston Yacht Basin and
became successor to Galveston Yacht Basin.  At some point, Tesoro acquired
Grasso=s successor,
Coastwide, thereby acquiring the Master Lease.  

In April 1998, S&SF demanded that Four Brothers and
Columbia Star vacate the premises.  On April 30, 1998, Four Brothers and
Columbia Star filed a declaratory judgment action against S&SF asking the
trial court to determine the then Acurrent owners of
the leasehold interests in the premises located at Pier 7@ and to declare
that the Master Amendment did not divest Four Brothers and Columbia Star of
their interest in the leased premises and such interest extends to 2007 in
accordance with the original Master Lease.  

S&SF filed a counterclaim for trespass to try title and
a declaratory judgment that Four Brothers and Columbia Star: (1) were holdover
tenants; (2) had no equitable right, title, or interest in the property; (3)
had no right to compel their lessor (Grasso/Tesoro) to exercise a renewal option
in the Master Lease; and (4) their right of possession terminated upon
expiration of the Master Lease on April 30, 1997.  








S&SF and Four Brothers and Columbia Star filed cross
motions for summary judgment on the issue regarding who had the right to
possess the Pier 7 property until 2007.  The trial court granted S&SF=s motion for
summary judgment, denied Four Brothers and Columbia Star=s motion, and
determined S&SF had a superior right to possession.  The trial court
conclusively found: (1) S&SF was entitled to sole possession of the
property; (2) Four Brothers and Columbia Star had neither a vested right of
occupancy nor a leasehold interest therein; and (3) S&SF was the owner of
the property, and was entitled to possession.  The trial court severed the
claims related to possession of the property and Four Brothers and Columbia
Star appealed that judgment, which the First Court of Appeals affirmed.  See
Four Bros. Boat Works, Inc. v. S & SF, Inc., 55 S.W.3d 12 (Tex. App.CHouston [1st
Dist.] 2001, pet. denied).  Four Brothers and Columbia Star were required to
vacate Pier 7 by December 11, 2001.  

Four Brothers and Columbia Star brought claims for breach
of contract, violations of the Deceptive Trade Practices Act (ADTPA@), conspiracy to
commit DTPA violations, conspiracy to commit tortious interference of a
contract, fraud, breach of fiduciary duty, and third party beneficiary. 
Another entity related to Four BrothersCBilly BCalso brought a
claim against Tesoro for violations of the DTPA.  Litigation on appellants= claims against
Tesoro continued.[2] 
Four Brothers and Columbia Star moved for partial summary judgment on their
breach of contract claims against Tesoro.  Tesoro moved for summary judgment on
all of Four Brothers=, Columbia Star=s, and Billy B=s claims.  The
trial court granted summary judgment in favor of Tesoro on all of appellants= claims and denied
Four Brothers and Columbia Star=s motion for partial summary judgment on
their breach of contract claims.  Appellants appeal the trial court=s granting Tesoro=s motion for
summary judgment on all of their claims and the denial of Four Brothers and
Columbia Star=s partial motion for summary judgment on their breach
of contract claim. 

II.  Breach of Contract








In their first issue, appellants claim the trial court
erred in granting Tesoro=s motion for summary judgment on Four
Brothers= and Columbia Star=s breach of
contract claims and denying Four Brothers and Columbia Star=s motion for
partial summary judgment on their breach of contract claims.  

To prevail on a motion for summary judgment, the movant
must establish that no material fact issue exists and that it is entitled to
judgment as a matter of law.  Browning v. Prostok, 165 S.W.3d 336, 344
(Tex. 2005).  In conducting our review of the summary judgment, we take as true
all evidence favorable to the nonmovant, and make all reasonable inferences in
the nonmovant=s favor.  Diversicare Gen. Partner, Inc. v. Rubio,
185 S.W.3d 842, 846 (Tex. 2005).  A defendant, as movant, is entitled to
summary judgment if it either disproves at least one essential element of each
of the plaintiff=s causes of action or establishes all the
elements of an affirmative defense.  American Tobacco Co. v. Grinnell,
951 S.W.2d 420, 425 (Tex. 1997).  When both parties file motions for summary
judgment seeking a final judgment in their favor, we must determine all
questions presented and render judgment.  SAS Inst., Inc. v. Breitenfeld,
167 S.W.3d 840, 841 (Tex. 2005) (per curiam).  

A.  Law of the Case

Tesoro argued in its motion for summary judgment that the
law of the case doctrine applied here to preclude Four Brothers= and Columbia Star=s claims for
breach of contract because the question of law presented in the Four
Brothers I appeal directly disposes of those claims.  The Alaw of the case@ doctrine is
defined as that principle under which questions of law decided on appeal to a
court of last resort will govern the case throughout its subsequent stages.  Hudson
v. Wakefield, 711 S.W.2d 628, 630 (Tex. 1986).  It applies only to
questions of law, not questions of fact.  Id.  








Tesoro argues the Four Brothers I holding is
dispositive of Four Brothers= and Columbia Star=s claims that it
breached the contract by failing to provide the leased premises for the 1997B2007 period. 
Tesoro asserts that, out of necessity, the Four Brothers I opinion
directly addressed Four Brothers= and Columbia Star=s claims for
breach of contract, when it held that A[w]hile their
respective subleases gave Four Brothers and Columbia Star the right to extend
their subtenancies while the Master Lease was in effect, that right to extend
terminated when Grasso Oilfield [Tesoro] lawfully terminated the Master Lease.@  Four Bros.
Boatworks, Inc., 55 S.W.3d at 17.  Therefore, according to Tesoro, once the
Master Lease terminated, it had no obligation to Four Brothers or Columbia Star
under the subleases and it is the Avery same right to
renew the subleases that is now at issue in this case.@  

The original
dispute between Four Brothers and Columbia Star and S&SF concerned
possession of the leased premises.  In the declaratory judgment proceeding,
Four Brothers and Columbia Star requested that the trial court: 

(1) determine the leasehold interests in the premises located at Pier
7; 

(2) declare that Four Brothers and Columbia Star were the owners of the
leasehold interests of the premises located at Pier 7 under the subleases; and

(3) declare that the Master
Amendment did not divest Four Brothers and Columbia Star of their interest in
the leased premises and that such interest extended to 2007 in accordance with
the original Master Lease.

S&SF
counterclaimed for declaratory relief as to the issue of possession, as well. 
Four Brothers and Columbia Star and S&SF filed competing motions for
summary judgment solely on the issue of who was entitled to possession.  No
other claims were addressed in the motions for summary judgment.  In granting
summary judgment in favor of S&SF on the issue of possession, the trial
court specifically found, as a matter of law:

Four Brothers Boat Works, Inc. and Columbia Star, Inc. do not have a
vested right of occupancy or current leasehold interest in the contested tract
of land.  

S&SF, Inc. is the owner of the
contested tract and is entitled to possession.

In the Four Brothers I appeal, the First Court of
Appeals stated it was reviewing whether the Master Lease had been voluntarily
surrendered, and whether Four Brothers= and Columbia Star=s rights of
possession had vested when the Master Lease and subleases were extended.  Four
Brothers Boatworks, Inc., 55 S.W.3d at 13B14.  The First
Court of Appeals affirmed the trial court=s judgment
awarding possession to S&SF.  Id. at 18.  








Thus, the issue in Four Brothers I concerned the
right of possession as between the sublessees (Four Brothers and Columbia Star)
and the original lessor (S&SF).  The Four Brothers I court based its
holding that the trial court correctly awarded possession to S&SF on the
lack of privity between the sublessees and the original lessor.  This is
confirmed by the court=s holding that A[b]ecause Four
Brothers and Columbia Star were mere sublessees, rather than assignees, they
had no right to extend the Master Lease [between Tesoro and the landlord] once
it had terminated.@  Id. at 17 (emphasis added). 
Neither the underlying declaratory judgment nor the Four Brothers I
appeal concerned contractual rights as between the sublessees (Four Brothers
and Columbia Star) and the sublessor (Tesoro).  

To the extent that the Four Brothers I opinion
addresses Four Brothers= and Columbia Star=s breach of
contract claims against Tesoro, we find such statements to be merely dicta.  ADictum is an
observation or remark made concerning some rule, principle, or application of
law suggested in a particular case, which observation or remark is not
necessary to the determination of the case.@  Edwards v.
Kaye, 9 S.W.3d 310, 314 (Tex. App.CHouston [14th
Dist.] 1999, pet. denied) (citing Black=s Law Dictionary 409 5th ed.
(1979)).  The law of the case doctrine does not apply to dicta.  In re
Certain Underwriters at Lloyd=s, 18 S.W.3d 867,
870 (Tex. App.CBeaumont 2000, no pet.); In re Estate of Chavana,
993 S.W.2d 311, 315 (Tex. App.CSan Antonio 1999, no pet.) (op. on reh=g); Huckabay v.
Irving  Hosp. Auth., 879 S.W.2d 64, 66 n.1 (Tex. App.CDallas 1993, writ
dism=d by agr.).[3] 









We conclude the law of the case doctrine is not applicable
here and, thus, the First Court of Appeals=s decision in Four
Brothers I does not foreclose Four Brothers= and Columbia Star=s claims for
damages against Tesoro for breach of the subleases.[4]

B.  Terms of the Subleases

Having determined that the law of the case doctrine does
not preclude Four Brothers= and Columbia Star=s breach of
contract claims against Tesoro, we now address appellants= argument that
Tesoro contractually obligated itself to provide the subleased premises to
Columbia Star for a term of 20 years and to Four Brothers for a term of 30
years, until April 30, 2007.  








The language of the Four Brothers and Columbia Star
subleases unambiguously provides Four Brothers and Columbia Star the option to
extend the respective subleases from 1997 until 2007.  Those extensions were
for the benefit of Four Brothers and Columbia Star, were their right to
exercise, and were a valuable right for which they had bargained.  While Tesoro
could freely terminate its relationship with S&SF, it was not free to do so
without potential liability for damages for failing to deliver the premises to
its own lessees for the years 1997 to 2007.  Thus, the termination of the
Master Lease has no effect on Tesoro=s contractual
obligation to Four Brothers or Columbia Star.  See Colorado Interstate Corp.
v. CIT Group/Equip. Fin., Inc., 993 F.2d 743, 746B47 (10th Cir.
1993) (citing Frankfurt v. Decker, 180 S.W.2d 985, 987 (Tex. Civ. App.CDallas 1944, no
writ)) (applying Texas law and holding sublessee=s right of
possession vis-a-vis the original lessor is secondary because there is no
privity of contract between sublessee and original lessor, but obligations
under sublease do not cease upon termination of the prime lease and sublessee=s remedy was
action for damages against sublessor after termination of prime lease).   

Therefore, we reject Tesoro=s claim that it
was relieved of all contractual responsibilities to appellants when the Master
Lease terminated.  Tesoro also argues, however, that neither Four Brothers nor
Columbia Star properly exercised their respective renewal rights.  However,
this contention was raised in response to appellants= motion for
partial summary judgment and, thus, is not an issue properly before this
court.  Ordinarily, when both parties file motions for summary judgment in the
trial court, we determine all questions presented and render judgment.  SAS
Inst., Inc., 167 S.W.3d at 841.  However, before a court of appeals may
reverse summary judgment for one party and render judgment for the other party,
both parties must ordinarily have sought final judgment relief in their cross
motions for summary judgment.  CU Lloyd=s of Texas v.
Feldman, 977 S.W.2d 568, 569 (Tex. 1998).  Here, appellants= motion for
partial summary judgment did not seek a final judgment.  Accordingly, we
reverse the summary judgment granted in favor of Tesoro against appellants on
the issue of their breach of contract claim and remand this claim to the trial
court for disposition consistent with this opinion.  Accordingly, we sustain
appellants= first issue.  

III.  Statute of Limitations








In their second issue, appellants claim the trial court
erred in granting summary judgment on Billy B=s claim for DTPA
violations on Tesoro=s affirmative defense of statute of
limitations.  When a defendant moves for summary judgment on the affirmative
defense of limitations, it has the burden to conclusively establish that
defense, including the accrual date of the cause of action.  Diversicare
Gen. Partner, Inc., 185 S.W.3d at 846.  If the defendant establishes that
the statute of limitations bars the action, the plaintiff must adduce summary
judgment proof raising a fact issue in avoidance of the statute of
limitations.  Id. 

A plaintiff must bring its DTPA claims within two years
after the date on which the false, misleading, or deceptive act or practice
occurred or within two years after the plaintiff discovered or in the exercise
of reasonable diligence should have discovered the occurrence of the false,
misleading, or deceptive act or practice.  Tex.
Bus. & Com. Code Ann. ' 17.565 (Vernon
2002).  

Billy B, a company related to Four Brothers, was not a
sublessee, but operated its business from Pier 7.  Billy B filed its DTPA
claims against Tesoro on November 12, 2002.  Tesoro argues Billy B would have
had knowledge that the Master Lease had terminated and its causes of action
would have accrued (1) in October 1997, when it first had knowledge of any claims;
(2) or, alternatively, in November 1997, when appellants were requested to
vacate the premises; (3) or, at the very latest, in April 1998, when S&SF
filed a forcible entry and detainer suit against Four Brothers and Columbia
Star.  Thus, according to Tesoro, the latest Billy could have brought its DTPA
claims was April 2000, two and one half years before Billy B actually filed its
claims in November 2002.  

In support of its motion for summary judgment on statute of
limitations, Tesoro submitted the deposition testimony of Richard Ryan,
president of Four Brothers, Columbia Star, and Billy B, who testified that Marc
Cuenod of S&SF contacted him around November 1, 1997, about appellants= presence on the
premises.  Tesoro also submitted the deposition testimony of Marc Cuenod, who
similarly testified that he contacted Richard Ryan in November 1997.  Thus,
Billy B had knowledge by November 1997, that Tesoro and S&SF had terminated
the Master Lease.  








Appellants argue that, under the legal injury rule, Billy B=s cause of action
did not accrue until after the exhaustion of all the appeals on the issue of
possession and Billy B=s (along with Four Brothers and Columbia
Star) was required to vacate the premises on December 11, 2001.  See S.V. v.
R.V., 933 S.W.2d 1, 4 (Tex. 1996) (explaining that under the legal injury
rule, a cause of action accrues when a wrongful act causes an injury, even if
the fact of the injury is not discovered until later and all resulting damages
have not yet occurred).  Appellants assert the appeals of the possession issue
with S&SF (Four Brothers I) operated as a Alegal impediment,@ preventing Billy
B from filing suit until the appellate process had been exhausted.  A[W]here a person
is prevented from exercising his legal remedy by the pendency of legal
proceedings, the time during which he is thus prevented should not be counted
against him in determining whether limitations have barred his right.@  Walker v.
Hanes, 570 S.W.2d 534, 540 (Tex. Civ. App.CCorpus Christi
1978, writ ref=d n.r.e.).  








Appellants assert that if Four Brothers and Columbia Star
had been successful on their appeal of the possession issue, Billy B would not
have accrued any cause of action against Tesoro because it would not have
incurred any losses from being removed from Pier 7.  In support of their
position, appellants rely on Rogers v. Ricane Enterprises, Inc., which
states a statute of limitations is tolled for a second cause of action where
(1) the viability of the second cause of action necessarily depends on the
outcome of the first case, and (2) the pursuit of the second suit prior
to that outcome would either be improper or result in judicial complications. 
930 S.W.2d 157, 167 (Tex. App.CAmarillo 1996, writ denied).  The court of
appeals in Rogers relied on the Texas Supreme Court=s opinion in the
legal malpractice case of Hughes v. Mahaney & Higgins.[5] 
Id.  The court in Hughes observed when an attorney commits
malpractice while providing legal services in the prosecution or defense of a
claim which results in litigation, the legal injury and discovery rules can
force the client into adopting inherently inconsistent positions in the
underlying case and the malpractice case; therefore, the statute of limitations
on the malpractice claim against the attorney is tolled until all appeals on
the underlying claim are exhausted.  821 S.W.2d at 156B57.  The supreme
court has further made it clear that the Hughes rule applies only to
legal malpractice cases.  See Murphy v. Campbell, 964 S.W.2d 265, 272
(Tex. 1997) (reiterating that the court had Aexpressly limited@ the tolling rule
in Hughes to attorney malpractice, and declining to extend it to
accounting malpractice).  

Billy B was not a party to the litigation against S&SF
in the possession dispute and, therefore, there was no risk of Billy B=s taking
conflicting positions.[6] 
Thus, we do not find the pending litigation and appeal of the possession issue
against S&SF to be a legal impediment tolling the statute of limitations on
Billy B=s DTPA claims
against Tesoro.  Appellants= second issue is overruled.  

IV.  Other Claims

In their third issue, appellants contend the trial court
erred in granting summary judgment on their clams for violations of the DTPA,
conspiracy to violate the DTPA, conspiracy to tortiously interfere with the
subleases, breach of fiduciary duty, fraud, and breach of contract as a third
party. 








A.  DTPA

Appellants allege under the DTPA that:  (1)Tesoro breached
the implied warranty of quiet enjoyment of the premises;[7]
(2) Tesoro=s acts and omissions constitute false, misleading, or
deceptive acts or practices;[8]
and (3)  Tesoro=s acts and omissions constitute an
unconscionable action or course of action.[9]


1.  Breach of the Warranty of Quiet Enjoyment

Appellants claim Tesoro breached the implied warranty of
quiet enjoyment Aby entering into the Master Amendment and
attempting to extinguish the last 10 years of the term of the subleases and by
not exercising the option to extend the terms of the Master Lease.@  It is
well-settled that, in the absence of express language to the contrary, there is
an implied warranty that the lessee shall have the quiet and peaceful enjoyment
of the leased premises.  L-M-S Inc. v. Blackwell, 149 Tex. 348, 233
S.W.2d 286, 289 (1950); HTM Rests., Inc. v. Goldman, Sachs & Co.,
797 S.W.2d 326, 328 (Tex. App.CHouston [14th Dist.] 1990, writ denied). 
Tesoro has cited no provision, and we found none, in the Four Brothers and
Columbia Star subleases eliminating the implied warranty of quiet enjoyment.  








The DTPA provides a cause of action when the cause of
damages is the breach of an implied warranty.  Tex. Bus. & Com. Code Ann. ' 17.50(a)(2).  To
recover for breach of warranty under the DTPA, the plaintiff must show (1)
consumer status, (2) existence of the warranty, (3) breach of warranty, and (4)
the breach was a producing cause of damages.  Elliott v. Kraft Foods N. Am.
Inc., 118 S.W.3d 50, 56 (Tex. App.CHouston [14th
Dist.] 2003, no pet.).  The DTPA does not create warranties; instead, they must
be established independently of the act.  La Sara Grain Co. v. First Nat=l Bank, 673 S.W.2d 558,
565 (Tex. 1984); Elliott, 118 S.W.3d at 56.  An implied warranty is
derived from either statute or from common law.  La Sara Grain Co., 673
S.W.2d at 565.  AImplied warranties are created by
operation of law and are grounded more in tort than in contract.@  Id.  

Relying on well-settled Texas law that an allegation of
breach of contract, without more, does not constitute a false, misleading, or
deceptive act in violation of the DTPA,[10]
Tesoro contends appellants= breach of warranty claims are merely
breach of contract claims and, therefore, is not actionable under the DTPA. 
Specifically, Tesoro argues that Four Brothers= and Columbia Star=s claims for the
breach of the implied warranty to quiet enjoyment are essentially complaints of
Tesoro=s failure to
perform under the sublease, i.e., failure to deliver the premises to appellants
for the period of April 1997 to April 2007.  

However, a claim for breach of warranty is separate from a
claim for false, misleading, or deceptive acts.  See Continental Dredging,
Inc. v. De-Kaizered, Inc., 120 S.W.3d 380, 391 (Tex. App.CTexarkana 2003,
pet. denied) (ABecause implied warranties are grounded more in tort,
and because the DTPA expressly recognizes breach of an implied warranty as a
separate violation from misrepresentations, [appellant] may have violated the
DTPA if it breached an implied warranty, despite not making any actionable
misrepresentations outside the contract.@).  Moreover, Aa consumer is not
prevented from bringing a DTPA action against a defendant merely because the defendant
also breached a contract.@  Nasrallah v. Ordonez, No.
2-04-137-CV, 2005 WL 1791985, at *3 (Tex. App.CFort Worth July
28, 2005, no pet.) (mem. op.).  








Tesoro further asserts that under the law of the case
doctrine, appellants had no right to extend their subleases beyond April 1997,
when the Master Lease terminated and the implied covenants of quiet enjoyment
expired with the termination of the subleases.  As previously addressed, the
law of the case doctrine does not apply to appellants= claims for
damages against Tesoro.  We conclude the trial court erred in granting summary
judgment on Four Brothers= and Columbia Star=s claims for
breach of an implied warranty under the DTPA.  We sustain appellants= third issue with
regard to the claims for breach of the implied warranty of quiet enjoyment
under the DTPA. 

2.  False, Misleading, or Deceptive Acts/Unconscionable Action or
Course of Action

Appellants also allege Tesoro=s failure to
inform Four Brothers and Columbia Star of changes made by the Master Amendment,
Athereby attempting
to excise from the Master Lease the final 10 years of the subleases,@ constitutes
false, misleading, or deceptive acts or practices and an unconscionable action
or course of action.  See Tex.
Bus. & Com. Code Ann. '' 17.46(b)(12)
(false, misleading, or deceptive acts); 17.50(a)(3) (unconscionable action or
course of action).  Tesoro argued in its motion for summary judgment that the
law of the case doctrine precludes these DTPA claims because it lawfully
terminated the master lease.  As previously addressed, the law of the case
doctrine does not apply here to preclude damage claims against Tesoro.  Tesoro
raised no other grounds on which to grant summary judgment on these DTPA
claims.  Because the law of the case doctrine does not apply here, the trial
court erred in granting summary judgment on these DTPA claims.  We sustain
appellants= third issue with regard to the claims for false,
misleading, or deceptive acts, and unconscionable action or course of action
under the DTPA.  

B.  Conspiracy








Appellants allege Tesoro conspired with S&SF and
Galveston Yacht Basin to violate the DTPA and to tortiously interfere with Four
Brothers= and Columbia Star=s business
relationships.  A civil conspiracy involves a combination of two or more
persons with an unlawful purpose or a lawful purpose to be accomplished by
unlawful means.  Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.,
51 S.W.3d 573, 583 (Tex. 2001).  The elements of conspiracy are (1) two or more
persons; (2) an object to be accomplished; (3) a meeting of minds on the object
or course of action; (4) one or more unlawful, overt acts; and (5) damages as
the proximate result.  Operation Rescue-Nat=l v. Planned
Parenthood of Houston & S.E. Tex., Inc., 975 S.W.2d 546, 553 (Tex. 1998). 

1.  Conspiracy to Violate DTPA

Appellants allege Tesoro conspired with Galveston Yacht
Basin and S&SF to violate the DTPA.  Two or more persons can be held liable
for a conspiracy to violate the DTPA.  Laxson v. Giddens, 48 S.W.3d 408,
411 (Tex. App.CWaco 2001, pet. denied).  In its motion for summary
judgment, Tesoro argued the law of the case doctrine governs Four Brothers= and Columbia Star=s claims for
conspiracy to violate the DTPA because Four Brothers I determined that
Tesoro lawfully terminated the Master Lease.  Appellants argue the lawful
termination of the Master Lease has no effect on Tesoro=s obligation with
regard to the subleases.  As previously addressed, the law of the case doctrine
does not apply here.  Tesoro raised no other grounds in support of its motion
for summary judgment on Four Brothers= and Columbia Star=s claims for conspiracy
to violate the DTPA.  Therefore, the trial court erred in granting summary
judgment Four Brothers= and Columbia Stars= claims for
conspiracy to violate the DTPA.  We sustain appellants= third issue with
regard to the claims for conspiracy to violate the DTPA. 

2.  Conspiracy to Commit Tortious Interference

Appellants allege Tesoro conspired with S&SF and
Galveston Yacht Basin to interfere with its contractual relations with Four
Brothers and Columbia Star.  Appellants, however, did not allege a tortious
interference claim against Tesoro.  








There is no independent liability for civil conspiracy.  Deaton
v. United Mobile Networks, L.P., 926 S.W.2d 756, 760 (Tex. App.CTexarkana 1996), aff=d, in part, rev=d, in part, on
other grounds, 939 S.W.2d 146 (Tex. 1997) (per curiam).  Therefore,
because a defendant=s liability depends upon its participation
in some underlying tort for which the plaintiff seeks to hold the defendant
liable, conspiracy is considered a derivative tort.  Tilton v. Marshall,
925 S.W.2d 672, 681 (Tex. 1996).  An actionable conspiracy must consist of acts
which would have been actionable against the conspirators individually.  International
Bankers Life Ins. Co. v. Holloway, 368 S.W.2d 567, 581 (Tex. 1963).  Thus,
to prevail on a civil conspiracy claim, the plaintiff must show the defendant
was liable for some underlying tort.  Hunt v. Baldwin, 68 S.W.3d 117,
133 (Tex. App.CHouston [14th Dist.] 2001, no pet.). 

The elements of tortious interference with a contract are
(1) an existing contract subject to interference, (2) a willful and intentional
act of interference with the contract, (3) that proximately caused the
plaintiff=s injury, and (4) caused actual damages or loss.  Prudential
Ins. Co. of Am. v. Financial Review Servs., Inc., 29 S.W.3d 74, 77 (Tex.
2000).  Liability for tortious interference is based on the acts of an
interfering third party.  Central Savs. & Loan Ass=n v. Stemmons N.W.
Bank, N.A., 848 S.W.2d 232, 241 (Tex. App.CDallas 1992, no
writ); Schoellkopf v. Pledger, 778 S.W.2d 897, 902 (Tex. App.CDallas 1989, writ
denied).  Therefore, a party cannot tortiously interfere with its own
contract.  Hussong v. Schwan=s Sales Enters.,
Inc.,
896 S.W.2d 320, 326 (Tex. App.CHouston [1st Dist.] 1995, no writ) (op. on
reh=g); Schoellkopf,
778 S.W.2d at 902.  Because Tesoro cannot be liable for tortiously interfering
with its subleases with Four Brothers and Columbia Star, it cannot be liable
for conspiracy to tortiously interfere with the subleases.  The trial court
properly granted summary judgment on this claim.[11] 
Appellants= third issue with regard to conspiracy to commit
tortious interference is overruled. 

C.  Fiduciary Duty








Appellants assert the trial court erred in granting summary
judgment on Four Brothers= and Columbia Star=s claims for
breach of fiduciary duty.  There are two types of fiduciary relationships.  The
first is a formal fiduciary relationship, which arises as a matter of law, and
includes the relationships between attorney and client, principal and agent,
partners, and joint venturers.  Insurance Co. of N. Am. v. Morris, 981
S.W.2d 667, 674 (Tex.1998) (attorney-client, partnership, trustee); Hoggett
v. Brown, 971 S.W.2d 472, 487 (Tex. App.CHouston [14th
Dist.] 1997, pet. denied) (principal/agents; partners); Miller‑Rogaska,
Inc. v. Bank One, Tex., N.A., 931 S.W.2d 655, 663 (Tex. App.CDallas 1996, no
writ) (attorney-client, partners, joint venturers). 

The second is an informal fiduciary relationship, which may
arise from Aa moral, social, domestic or purely personal
relationship of trust and confidence, generally called a confidential
relationship.@  Associated Indem. Corp. v. CAT Contracting, Inc.,
964 S.W.2d 276, 287 (Tex.1998).  A confidential relationship exists in cases in
which A>influence has been
acquired and abused, in which confidence has been reposed and betrayed.=@  Id.
(quoting Crim. Truck & Tractor Co. v. Navistar Int=l Transp. Corp., 823 S.W.2d 591,
594 (1992)).  








Appellants do not argue the existence of a formal
relationship, but, instead, argue the existence of an informal fiduciary
relationship.  Appellants argue Tesoro undertook to protect the subtenants in
the Master Lease by providing for notification to the subtenant by the landlord
of any defaults by the tenant and providing the subtenant with the right to
cure any such defaults by the tenant.  In support of this position, appellants assert
one who voluntarily enters an affirmative course of action affecting the
interests of another is regarded as assuming a duty to act and must do so with
reasonable care.  One of the cases upon which appellants rely states the
well-settled rule, which is based on Section 323 of the Restatement (Second) of
Torts, as Aone who voluntarily undertakes an affirmative course
of action for the benefit of another has a duty to exercise reasonable care
that the other=s person or property will not be injured thereby.@  Colonial
Savs. Ass=n v. Taylor, 544 S.W.2d 116,
119 (Tex. 1976).[12] 
Section 323 applies to a cause of action for negligence involving injury to a
person or property.  We find nothing in Section 323 that creates a fiduciary
duty between parties.  

To impose an informal fiduciary duty in a business
transaction, the requisite special relationship of trust and confidence must
exist prior to, and apart from, the agreement made the basis of the suit.  Associated
Indem. Corp., 964 S.W.2d at 288; Schlumberger Tech. Corp. v. Swanson,
959 S.W.2d 171, 177 (Tex.1997).  Specifically, a confidential relationship can
arise, if, over a long period of time, the parties have worked together in the
joint acquisition and development of property before entering the agreement
sought to be enforced.  Consolidated Gas & Equip. Co. of Am. v. Thompson,
405 S.W.2d 333, 336B37 (Tex.1966); Exploration Co. v. Vega
Oil & Gas Co., 843 S.W.2d 123, 126B27 (Tex. App.CHouston [14th
Dist.] 1992, writ denied).  

The fact that a business relationship has been cordial and
of extended duration is not by itself evidence of a confidential relationship. 
Thigpen v. Locke, 363 S.W.2d 247, 253 (Tex.1962); Farah v. Mafrige
& Kormanik, P.C., 927 S.W.2d 663, 675 (Tex. App.CHouston [1st
Dist.] 1996, no writ).  Likewise, the fact that one businessman trusts another
and relies on another to perform a contract does not give rise to a
confidential relationship.  Crim Truck & Tractor Co., 823 S.W.2d at
594; Seymour v. American Engine & Grinding Co., 956 S.W.2d 49, 60
(Tex. App.CHouston [14th Dist.] 1996, writ denied).  Subjective
trust is simply not sufficient to transform an arms‑length transaction
into a fiduciary relationship.  Schumberger Tech. Corp., 959 S.W.2d at
177; Farah, 927 S.W.2d at 676.  








To determine the existence of a confidential or fiduciary
relationship, a court must examine the actualities of the relationship between
the parties involved.  Thigpen, 363 S.W.2d at 253; Turner v. Church
of Jesus Christ of Latter‑Day Saints, 18 S.W.3d 877, 897 (Tex. App.CDallas 2000, pet.
denied).  Although the existence of a confidential relationship can be a
question of fact, where there is no evidence to establish the relationship, it
is a question of law.  See Miller‑Rogaska, Inc., 931 S.W.2d at 663
(citing Crim Truck & Tractor Co., 823 S.W.2d at 594) (affirming
granting of summary judgment on plaintiff=s claim for breach
of fiduciary duty on basis that there was no summary judgment evidence to
suggest existence of fiduciary relationship); Farah, 927 S.W.2d at 675
(same).  

Appellants have not shown any relationship with Tesoro
prior to entering their respective subleases, which are the subject matter of
this litigation, i.e., that the parties have worked together in the joint
acquisition and development of property before entering the agreement sought to
be enforced.  Nor have appellants shown that this is anything but an
arms-length transaction.  See Cambridge Oil Co. v. Huggins, 765 S.W.2d
540, 544 (Tex. App.CCorpus Christi 1989, writ denied) (AThe relationship
between a lessor and a lessee is purely contractual absent some other special
relationship created between the parties.@).  We conclude no
informal fiduciary relationship exists between appellants and Tesoro.  In the
absence of either a formal or informal fiduciary relationship, the trial court
properly granted summary judgment on Four Brothers= and Columbia Star=s claims for
breach of a fiduciary duty.  Appellants= third issue with
regard to breach of fiduciary duty is overruled.  

D.  Fraud








Appellants contend the trial court erred in granting
summary judgment on Four Brothers= and Columbia Star=s claims for fraud
based on Tesoro=s failure to inform them of the
termination of the Master Lease.  To recover on an action for fraud, the
plaintiff must prove (1) a material representation was made, (2) the
representation was false, (3) when the speaker made the representation, he knew
it was false or made it recklessly without knowledge of the truth as a positive
assertion, (4) the speaker made it with the intention that it should be acted
upon by the party, (5) the party acted in reliance upon it, and (6) the party
thereby suffered injury.  Johnson & Higgins of Tex., Inc. v. Kenneco
Energy, Inc., 962 S.W.2d 507, 524 (Tex. 1998).  Fraud by omission is a
subcategory of fraud because the omission or non-disclosure may be as
misleading as a positive misrepresentation of fact where a party has a duty to
disclose.  Manon v. Solis, 142 S.W.3d 380, 387 (Tex. App.CHouston [14th
Dist.] 2004, pet. denied).  A failure to disclose does not constitute fraud
unless there is a duty to disclose the information.  Ins. Co. of N. Am.,
981 S.W.2d at 674; Hoggett, 971 S.W.2d at 487. 

Tesoro raised two arguments in support of its motion for
summary judgment on Four Brothers= and Columbia Star=s claims for
fraud: (1) it had no duty to disclose any information to them in the absence of
a confidential or fiduciary relationship; and (2) it did not intend to induce
them to take action on a 30-year lease term.  

With respect to Tesoro=s first argument,
the existence of a confidential relationship is not the only basis on which to
impose a duty to disclose information.  Anderson, Greenwood & Co. v.
Martin, 44 S.W.3d 200, 212 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied).  A duty to disclose may also arise in the three
following situations: (1) when one voluntarily discloses information, he has a
duty to disclose the whole truth; (2) when one makes a representation, he has a
duty to disclose new information when he is aware the new information makes the
earlier representation misleading or untrue; and (3) when one makes a partial
disclosure and conveys a false impression, he has a duty to speak.  Id.
at 212B13. Here,
appellants allege that when the Master Lease was terminated, foreclosing Four
Brothers= and Columbia Star=s possession after
April 1997, Tesoro knew new information making an earlier representation untrue
and, therefore, had a duty to disclose such information to Four Brothers and
Columbia Star.  








With respect to its second argument, Tesoro never produced
any summary judgment evidence on the intent element.  In its motion for summary
judgment, it merely denied that it intended to induce Four Brothers and
Columbia Star to take any action.  However, this is not sufficient to refute
the element of intent.  Cf. Hendricks v. Thornton, 973 S.W.2d 348, 358
(Tex. App.CBeaumont 1998, pet. denied) (Athe mere denial of
intent by an interested witness is not enough to negate the element of intent
to induce reliance@).  AIssues of intent
and knowledge are not susceptible of being readily controverted and are
generally inappropriate for summary judgment.@  Frias v.
Atlantic Richfield Co., 999 S.W.2d 97, 106 (Tex. App.CHouston [14th
Dist.] 1999, pet. denied).  A>Summary judgment
should not be granted when the issues are inherently those for a jury, as in
cases of intent.=@ Id.
(quoting RRR Farms, Ltd. v. American Horse Ass=n, Inc., 957 S.W.2d 121,
132 (Tex. App.CHouston [14th Dist.] 1997, pet. denied)).  Moreover,
as discussed above, law of the case does not preclude appellants= claims against
Tesoro.  We conclude Tesoro did not meet its burden to negate the element of
intent and the trial court improperly granted summary judgment on Four Brothers= and Columbia Star=s claims for
fraud.  Appellants= third issue is sustained with regard to
Four Brothers= and Columbia Star=s claims for
fraud.

E.  Third Party Beneficiary








Appellants argue Tesoro breached the Master Lease by not
continuing to operate under the Master Lease until April 2007.  Appellants
argue that because the Four Brothers and Columbia Star subleases contained the
identical length of terms as the Master Lease, Four Brother and Columbia Star
necessarily accepted and acted upon the Master Lease and the terms it provided
them as third party beneficiaries.[13] 
In its motion for summary judgment, Tesoro raised law of the case as its sole
ground for summary judgment on Four Brothers and Columbia Star=s third-party
beneficiary claim.[14] 
Because we have determined law of the case does not apply here, the trial court
improperly granted summary judgment on Four Brothers= and Columbia Star=s claims for
third-party beneficiary.  Appellants= third issue is
sustained with regard to Four Brothers= and Columbia Star=s claims for
third-party beneficiary.  

V.  Conclusion

In summary, we find the trial court properly granted
summary judgment in favor of Tesoro on Billy B=s DTPA claims and
Four Brothers= and Columbia Star=s claims for
conspiracy to commit tortious interference and breach of fiduciary duty, and
affirm those portions of the judgment.  We further find the trial court erred
in granting summary judgment in favor of Tesoro on Four Brothers= and Columbia Star=s claims for
breach of contract, breach of the warranty of quiet enjoyment under the DTPA,
false, misleading, or deceptive act and unconscionable action or course of action
under the DTPA, conspiracy to violate the DTPA, and fraud, and we reverse those
portions of the judgment and remand to the trial court.  

Accordingly, the trial court=s judgment is
affirmed, in part, and reversed and remanded, in part, for proceedings
consistent with this opinion.  

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Opinion filed December 12, 2006.

Panel consists of
Justices Hudson, Fowler, and Frost.









[1]  The Amendment also added a tract of land known as
the ABaroid Tract@ to
the property leased to Grasso.





[2]  At some point, S&SF and Galveston Yacht Basin
were dismissed from this action.  





[3]  Tesoro also relies on the concurring opinions by
Justice Cohen in Four Brothers I:

Appellants,
who are subtenants, received all they were entitled to under their contract
with the original tenantCa right to enjoy the full term of any extension option
exercised by the original tenant. . . . Appellants had no right to force their
lessor, Grasso [Tesoro], to exercise its second option to extend, and it
exercised its right not to extend by entering the new contract in 1991.  

 

Four Bros. Boatworks, Inc., 55 S.W.3d at 18 (Cohen, J., concurring).  In his
concurring opinion to the denial of rehearing, Justice Cohen further stated:

I continue
to believe that the issue presented is this:  Can a subtenant on a lease
require the tenant to exercise the tenant=s
option to extend the lease?  The answer is no.  

Id. at 19
(Cohen, J., concurring to denial of rehearing).  

A concurring opinion is A [a] separate opinion delivered by one or more judges
which agrees with the decision of the majority of the court but offering own
reasons for reaching that decision.@  Black=s Law Dictionary p. 201 (6th ed. 1991).  In any event, the concurring
opinion addresses the same matter as that addressed the majority opinion and is
no more law of the case than the dicta contained in the majority
opinion.        





[4]  Tesoro also moved for summary judgment on appellants= other claims which are also based on the termination
of the Master Lease.  For the same reasons state above, we conclude law of case
is equally inapplicable to those claims.  





[5]  821 S.W.2d 154 (Tex. 1991).  





[6]   See Hunt Steed v. Steed, 980 S.W.2d 581, 584
(Tex. App.CFort Worth 1995, writ denied) (finding conflict like
the one presented in Hughes did not exist between first suit for divorce
action and second suit against mother-in-law based on son=s transfer of property); Rogers, 930 S.W.2d at
167 (finding the viability of the second suit for conversion did not depend on
successful outcome in prior suit to determine title to real property and there
were no judicial complications such as the ones raised in Hughes); Smith
v. Chapman, 897 S.W.2d 399, 403 (Tex. App.CEastland 1995, no pet.) (op. on reh=g)
(rejecting argument that plaintiff would have had to take inconsistent
positions in first lawsuit against corporation and second lawsuit against
directors and shareholders); Palacios v. Ramos, No. 04-04-00780-CV, 2006
WL 332537, at *3 (Tex. App.CSan Antonio
Feb. 15, 2006, no pet.) (mem. op.) (finding the filing of employee=s civil suit against former employer for defamation,
while underlying criminal trial for theft where he was found not guilty by a
jury was resolved, would not have forced employee to adopt inconsistent
positions in criminal and civil actions); Dunn v. Murrin, No.
05-04-00438-CV, 2005 WL 2038057, at *2 (Tex. App.CDallas Aug. 25, 2005, no pet.) (mem. op.) (finding the filing of
appellant=s defamation suit against arresting police officer,
while his applications for writs of habeas corpus were pending in state and
federal courts, would not create direct conflict in positions).





[7]  Tex. Bus.
& Com. Code Ann. '' 17.50(a)(2)
(Vernon Supp. 2006).





[8]  Tex. Bus.
& Com. Code Ann. ' 17.46(b)(12)
(Vernon Supp. 2006).





[9]  Tex. Bus.
& Com. Code Ann. ' 17.50(a)(3).





[10]  Crawford v. Ace Signs, Inc., 917 S.W.2d 12,
14 (Tex. 1996) (per curiam (quoting Ashford Dev., Inc. v. USLife Real Estate
Servs. Corp., 661 S.W.2d 933, 935 (Tex. 1983)).





[11]  Tesoro also argued law of the case because it
lawfully terminated the Master Lease.  Because Tesoro raised another ground on
which summary judgment was appropriate, we need not address this argument.  





[12]  Section 323 of the Restatement (Second) of Torts,
provides:

One who
undertakes, gratuitously or for consideration, to render services to another
which he should recognize as necessary for the protection of the other=s person or things, is subject to liability to the
other for physical harm resulting from his failure to exercise reasonable care
to perform his undertaking, if 

(a) his
failure to exercise such care increases the risk of such harm, or

(b) the
harm is suffered because of the other=s
reliance upon the undertaking.

Restatement
(Second) of Torts ' 323 (1965).  





[13]  On appeal, appellants also argue Billy B is a
third-party beneficiary of the Master Lease.  However, a review of appellants= sixth amended original petition shows only Four
Brothers and Columbia Star brought a third party beneficiary claim based on
Tesoro=s breach of the Master Lease.  





[14]  In its appellate brief, Tesoro argues Billy B was
not a third party beneficiary of either subleaseCa claim not raised by Billy B or addressed in any manner in the trial
courtCbased on the argument that the sublease was not
entered into for the benefit of Billy B.